(110 App. Div. 165.)

### DAMBMANN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

1. DEPOSITIONS — APPLICATIONS FOR COMMISSIONS — MOVING PAPERS—SUF-
   FICIENCY.

   Code Civ. Proc. § 887, authorizes the issuance of a commission to
   examine witnesses not within the state, in cases specified in the following
   section.   Section 888 authorizes such examination where an issue of
   fact has been joined and the testimony is material to the applicant.
   In an action for personal injuries, plaintiff moved for a commission to
   examine a physician, who was an eyewitness to the accident, and who
   attended plaintiff immediately after the accident and was in charge of
   her for some weeks thereafter.   The moving papers showed that witness
   was a nonresident of the state, and stated a place where his testimony
   could be taken, but failed to show the exact place of residence of the
   witness, which, it was alleged, was unknown to plaintiff and her attorney.
   *Held*, that the testimony of the witness was necessary and material, and
   a commission to examine him upon interrogatories should have been
   granted, although the moving papers failed to show his exact place of
   residence.

   [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 51.]

2. SAME—NONRESIDENCE OF WITNESS—PROOF.

   The mere fact that an alleged nonresident witness, for whose testi-
   mony a commission is asked, has been seen in a restaurant in the county
   of trial, does not tend to disprove his nonresidence.

Appeal from Special Term, New York County.

Action by Emma A. Dambmann against the Metropolitan Street
Railway Company.   From an order denying a motion for a commission
to examine a witness, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-
HAM, CLARKE, and HOUGHTON, JJ.

Boardman Wright, for appellant.
Bayard H. Ames, for respondent.

INGRAHAM, J.   The plaintiff having made a motion for a com-
mission to examine a Dr. Alfred Walton as a witness upon oral ques-
tions, upon the hearing of the motion the defendant interposed a pre-
liminary objection, on the ground that the affidavits upon which the
order to show cause was granted did not state the legal residence of the
witness sought to be examined.   The court sustained this objection
and denied the motion, with leave to renew.   The action was brought
to recover for personal injuries sustained by the plaintiff in being
violently thrown from one of the defendant's cars.   The affidavit upon
which the motion was made stated that a Dr. Alfred Walton, who had
been examined upon a former trial of the action, was a material and
necessary witness for the plaintiff upon the new trial, as he was an eye-
witness to the accident, was the first physician who attended the plain-
tiff after the accident, and was the physician in charge of the plain-
tiff's case for some weeks thereafter.   It was further alleged upon in-
formation and belief that he is not now in the state, but in the state
of New Jersey; the grounds of the plaintiff's belief being the statement
made by Dr. Walton to the plaintiff on or about the 29th day of Sep-
tember, 1905, on which occasion he said that he resided in New Jersey

and intended to remain there and would not be in New York for some months. In an additional affidavit submitted by leave of the court, the plaintiff alleged that she did not know the exact place of Dr. Walton's residence; that she had inquired of his son, who stated that he did not know his father's exact residence, and that Dr. Walton himself refused to say just where he lived; that she saw him at Morristown, N. J., on the street. There was also presented an affidavit of one of the plaintiff's attorneys, who says that he communicated with Dr. Walton by telephone, who stated that his testimony could be taken by commission issued to Orange, Essex county, N. J., but that he had no knowledge of the exact place of residence of Dr. Walton.

I know of no section of the Code of Civil Procedure which requires a party to an action seeking to examine a witness who is out of the state on commission to be required to state his exact place of residence. Section 887 provides that in a case specified in the next section, where it appears by affidavit, on the application of either party, that the testimony of one or more witnesses not within the state, is material to the applicant, a commission may be issued to one or more competent persons named therein, authorizing them or any of them to examine the witness or witnesses named therein under oath. The facts shown bring this case within section 888 of the Code of Civil Procedure. The testimony of this witness is material and necessary for the plaintiff; he is no longer a resident of the state of New York, but resides in the state of New Jersey, and is at present out of this state. The mere fact that the witness has been seen in New York in a restaurant does not tend to disprove the facts alleged. I think, therefore, the plaintiff was entitled to a commission to examine the witness upon interrogatories. There is nothing, however, in the papers to justify an oral examination of the witness.

It follows that the order appealed from should be reversed, and the motion granted for an examination upon written interrogatories and cross-interrogatories, with $10 costs and disbursements. All concur.