IRVING L. ROLLINS, Plaintiff, v. CARIB SYNDICATE, LIMITED, Defendant.*

Supreme Court, Special Term, Kings County, September 22, 1939.

Lotterman & Tepper [Joseph Lotterman of counsel], for the plaintiff.

Sullivan & Cromwell [John C. Bruton, Jr., of counsel], for the defendant.

NOVA, J. Counter-motions are made, one by the plaintiff to examine before trial the defendant corporation by three of its

* Affd., 258 App. Div. ——.

officers; the other by defendant to stay all proceedings in this action because of non-payment of costs allegedly imposed against the plaintiff in another action in which, defendant asserts, identical relief was sought.

Plaintiff Rollins, an attorney, brings this action to recover from the defendant corporation the reasonable value of his services as an attorney in a stockholders' derivative action brought against the same defendant corporation in which action Rollins represented, as attorney, one Rosenthal, a stockholder. The Rosenthal action was brought to enjoin the corporation from going through with a contract to sell certain oil stock owned by it at a price ($2,000,000) which, it was alleged, was too low and was agreed upon under circumstances which constituted a fraud by the directors on the corporation and its stockholders. The plaintiff in that suit was unsuccessful, but the plaintiff in this action asserts that as a result of the stockholders' action, the directors arranged a sale at a better price ($2,050,000) as a result of which the corporation benefited to the extent of $65,000 (part of this saving — $15,000 — is claimed it be a saving in commissions).

Rollins, plaintiff herein, claiming that his services were of benefit to the corporation, made a motion in the former action for a reasonable allowance and, upon denial, joined with Rosenthal in an appeal which was likewise unsuccessful.

He seeks virtually the same relief now, but by action instead of motion. His complaint was attacked before Mr. Justice STEIN-BRINK for insufficiency and on the ground that there was a prior adjudication, but the complaint was sustained. From that decision defendant has taken an appeal which is now pending.

Motion for a stay denied.

While it appears from the record on appeal in the Rosenthal action that Rollins joined therein as a nominal appellant, such appeal was from an incidental order in that action in which Rosenthal, not Rollins, was the plaintiff. The bill of costs as entered there (see opposing affidavit of Louis A. Tepper and exhibits attached) was not taxed against him (Rollins).

Furthermore, it amply appears that if defendant had a basis for the relief sought, it has effectually waived its rights to stay these proceedings because of the affirmative steps in the action taken by it prior to the bringing of this motion. Defendant first moved to dismiss the complaint; then served notice and papers on appeal from the order denying that motion; then made a subsequent motion to extend its time to answer; upon a denial of that motion, served its answer; procured an extension of time to argue plaintiff's motion for examination before trial, and entered into various

stipulations with plaintiff's attorney relative to other phases of the litigation.

It was competent for defendant to waive its right to costs under section 1520 of the Civil Practice Act, and the steps outlined above constitute an effective waiver. (*O'Connor* v. *Levine*, 169 App. Div. 919; *Spaulding* v. *American Wood Board Co.*, 58 id. 314.)

The taking of forward steps in an action constitutes such waiver. (See 11 Carmody's New York Practice, § 412, p. 345, and cases therein cited.)

In *O'Connor* v. *Levine* (*supra*) the court, in discussing section 779 of the Code of Civil Procedure, now section 1520 of the Civil Practice Act, stated (at p. 920): " While section 779 provides for a stay without further direction of the court until the payment of the motion costs provided for, it also contains this clause: ' But the adverse party may, at his election, waive the stay of proceedings.' It seems to us that the service by the defendant of his cross notice of trial being in the language of the books an ' onward movement in the action ' was a waiver of the stay of proceedings and said stay having been once waived could not thereafter be enforced."

The case of *Loftus* v. *Straight Line Engine Co.* (111 App. Div. 718), a Fourth Department decision cited by defendant to the contrary of the above, must be deemed to have been superseded by the later case.

In so far as plaintiff's examination before trial is concerned, defendant opposes it as improper in contents, sought in bad faith, and on the ground of the pendency of the appeal from the decision of Mr. Justice STEINBRINK. Because of such appeal, defendant submits, the motion should be denied at this time without prejudice.

But with the question of whether or not the complaint will be sustained on appeal, the court at this time should not be concerned. Mr. Justice STEINBRINK's decision is now the law of the case and the complaint must be regarded as valid and setting forth a good cause of action.

In so far as the merits of the examination sought are concerned, the defendant opposes them as unwarranted in scope and points out that " the sole issue in the case is whether this plaintiff, in the litigation conducted by him on behalf of the stockholder Rosenthal, was the direct cause of the increase of $50,000 in the sales price of the sale by Carib of its interest in the Barco Concession. The fact that the original offer was $2,000,000 and that Carib was to pay a commission to the broker of $15,000 is not in dispute. The fact that the sale as finally consummated was for $2,050,000 with no such commission being paid by Carib is likewise not in dispute."

The foregoing statement of the basic issue is substantially sound but there is necessarily involved in the action the issues as to whether the first sale contracted for was an improvident one, whether it was made under conditions which constituted a fraud upon the corporation, whether the stockholders' action was warranted, and whether as a result of it and of plaintiff's efforts, the defendant corporation was actually benefited so that plaintiff performed beneficial services to it for which he is entitled to be reasonably compensated.

Examination, therefore, granted as to items 1(a), 3, 4(a), 4(b), 5(a), 5(b), 6, 7(b), 7(c), 8(a), 8(b), 9(a), 9(b), 10(a), 10(b), 12(b), 13(a), 13(b); otherwise denied. Books and records to be produced pursuant to section 296 of the Civil Practice Act. Settle order on notice.