WILLIAM G. EASTON, Plaintiff, *v.* GLENN W. SIMPSON, Defendant.

Supreme Court, Monroe County, February 4, 1944.

*William L. Clay* for defendant.

*Eugene J. Dwyer* for plaintiff.

WHEELER, J. The action is by an attorney to recover the reasonable and fair value of legal services rendered by him as an attorney for the defendant's wife in a separation action. The defendant, by general denial, puts in issue the question of the value of plaintiff's services.

The plaintiff, by notice served pursuant to section 290 of the Civil Practice Act, seeks to examine the defendant concerning two subjects: (1) whether or not defendant and his wife are now living together, and if so, the length of time since their former separation on November 15, 1942, and (2) the financial worth of defendant and his ability to pay for the legal services rendered.

Section 288 of the Civil Practice Act provides: "Any party * * * may cause to be taken by deposition * * * testimony * * * of any other party * * * which is material and necessary in the prosecution * * * of the action."

I am of the opinion that the inquiry concerning defendant's domestic life with his wife since the rendition of the services in question, is neither material nor necessary to plaintiff's cause of action, and therefore, it follows that paragraph 1 of the notice should be vacated.

A material and necessary consideration in determining the fair and reasonable value of legal services, is not only the amount involved, but also the financial ability of the defendant to pay therefor. The plaintiff has the affirmative as to this issue, and if we are to follow the letter of the statute, it would seem that plaintiff should be permitted to examine the defendant concerning this subject.

However, I am not unmindful of the mischief that may result in permitting some unscrupulous lawyer plaintiff to examine his client as to his financial affairs. There may be grave doubt as to whether such a motion should be allowed as a matter of public policy. Neither the court nor counsel have been able to find a case wherein this precise question has been considered.

It seems to be well settled that in an action brought by a wife to cancel a separation agreement, the husband's financial and social standing is a proper subject on his examination before trial. (*Vose* v. *Vose*, 250 App. Div. 883; *Harding* v. *Harding*, 203 App. Div. 721, affd. 236 N. Y. 514.) As an abstract proposi-

tion, it has been held that a lawyer suing his client for the reasonable value of legal services, can examine the defendant before trial. (*Macklis* v. *St. Joseph's Academy*, 258 App. Div. 903; *Rollins* v. *Carib Syndicate, Ltd.*, 258 App. Div. 816, affg. 172 Misc. 648.)

Furthermore, the modern trend is to increase rather than limit the scope of the examination. (*Slattery* v. *Parsons*, 17 N. Y. S. 2d 6.) The present practice relating to examination before trial is liberal. (*Colonial Trust Co.* v. *Alexander*, 251 App. Div. 856.)

In view of this liberal trend which apparently has been adopted by both the Legislature and the courts, it seems reasonable to conclude that the right to the examination should not be limited simply because a lawyer or a doctor may be suing to recover for the reasonable value of professional services rendered. Any such limitation upon the ground of public policy or otherwise, should be established by the Legislature rather than by judicial fiat.

It is certainly the duty of the court in cases of this character to use its discretion to see to it that the examination is not being sought for ulterior purposes. Good faith should be the paramount consideration.

In the instant case, I am convinced that the testimony is material to the issue here presented and that the examination is sought in good faith. However, the defendant is not to be subjected to any general inquisition or fishing expedition tactics. He may be examined as to his financial worth and income during the period in question. He may not be required to divulge the source of his income, nor may he be required to produce any books or papers. As thus modified, paragraph 2 of the notice may stand.

Submit order accordingly.