Bernard Botein, J.
When married parties are living together, there is an implied authority in the wife, stemming from that marital relation, to order and receive necessaries at the husband’s expense. If, as claimed by the defendant, they are living apart as a result of the wife’s affirmative wrongdoing, a triable issue is raised as to whether the alleged destruction of that aspect of the marital status gave rise to the necessity of invoking the legal services which form the basis of this action. (See Pearson v. Pearson, 230 N. Y. 141; Damman v. Bancroft, 43 Misc. 678.) A wife may not charge her husband, under the guise of necessaries, with the expenses of repairing part of the ravages which followed directly in the wake of her wrongful acts. An issue of fact is also raised by the third defense, viz., that plaintiff’s services were rendered on the sole credit of the wife. (Matter of Oppenheim, 178 Misc. 1026, and cases cited therein.) Plaintiff fails to set forth any facts as to the terms of his retention, if any, although this failure has been specifically challenged by the defendant.
Motion is in all respects denied, as is defendant’s application for a stay.