Jambs B. M. McNally, J.
This is a motion by the defendant Leopold G-ratzer to dismiss the amended complaint for alleged insufficiency. The action is brought to recover for legal services alleged to have been rendered by the plaintiff to the movant’s wife, a codefendant in the action. The services consist (1) of those rendered in a separation action brought in favor of the wife and against the husband, and (2) of those performed in an action brought by the wife against the husband and a corporation for an accounting and for the dissolution of the corporation.
Plaintiff seeks to recover against the husband upon two theories, (1) that the services rendered in both actions were necessaries, and (2) that the wife contracted for the rendition of the services, not only personally, but also “ as agent for her husband ”.
Taking up first the services rendered in the separation action, it appears from the allegations of the complaint that the husband and wife were living separate and apart. The pleading fails, however, to contain any allegations indicating that the husband *818 was guilty of conduct which justified the wife in living separately from her husband. In the absence of such allegations, a husband is not liable for services rendered by another to his wife on the theory that they were necessaries. (Naumer v. Gray, 28 App. Div. 529, 534.) The complaint, it is true, does allege that the separation action was brought for the protection and support of the wife and that the husband’s conduct made the bringing of the action reasonable and proper. These allegations are, however, mere conclusions without ultimate facts to support them. The annexation of the complaint in the separation action to the present complaint as an exhibit is not equivalent to an averment that the allegations made by the wife in her complaint in the separation action were true. The plaintiff should amend his complaint so as to make a definite allegation that the charges made in the wife’s complaint in the separation action were true, or else allege the facts justifying the wife’s living separate and apart from her husband. This may be done upon information and belief, but it is not enough to allege, as the present complaint does, merely that the wife charges the husband with acts justifying a separation.
As to the services rendered in the action for an accounting the complaint is also deficient for similar reasons. The plaintiff was retained in that action on January 23, 1946, which was subsequent to the time the wife left her husband.
Nor may the sufficiency of the complaint be upheld on the theory that the wife acted as agent of her husband in retaining the plaintiff in both actions. The husband was a defendant in each of the actions and it is unreasonable to suppose that the plaintiff could have intended to allege that he (the husband) expressly authorized his wife to hire the plaintiff to bring suit against him. What was obviously contemplated by the allegations of paragraph Sixth of the present complaint was to allege that the wife acted as agent of her husband by implication of law, rather than by express authority. No implication of law exists where husband and wife are living separate and apart unless the separation of the parties is due to no fault of the wife.
The motion to dismiss the amended complaint is accordingly granted, with $10 costs, with leave to serve a further amended complaint within 10 days from the service of a copy of this order with notice of entry.