IRVING MOLDAUER, Plaintiff, *v.* CELIA K. WALZER et al., Defendants.

Supreme Court, Special Term, New York County, January 17, 1950.

*Douglas & Douglas* for Morris Walzer, defendant.

*Eli Fishbein* for plaintiff.

STEUER, J. The motion is to strike out certain paragraphs of the complaint. As to two of them it does not clearly appear that they have no bearing on the subject matter and as to them the motion is denied. (*Indelli* v. *Lesster,* 130 App. Div. 548.) The remaining paragraphs, designated 12th and 13th, deal with the financial standing of the defendant. The action is for necessaries supplied to the wife of the defendant, Morris Walzer, the necessaries being legal services. The purpose of the allegations is to aid in the determination of the value of the services.

There has been some difference of expression in regard to whether the financial standing of the person chargeable with the value of legal services is an element in the determination of the value of the services. The instances of such suits are very often in marital actions where alimony is also a factor. As the wealth or lack of it of the defendant is always a material element in the fixing of alimony, the contemporaneous determination of counsel fees has led to adoption of the same expressions in opinions in regard to both. The true rule in regard to the effect of the financial worth of the defendant on the value of legal services rendered him is negative, in that, no matter what the worth of the defendant may be it cannot increase the value of the services, but the poverty of the defendant may reduce the sum collectible. An action for reasonable value of any services is always in quasi contract. The defendant can never be enriched beyond the value of the services rendered to him. But if he cannot afford those services the contract implied from the facts must be one that he could have afforded and hence would be presumed to have made.

It follows that allegations of defendant's wealth are not proper and these paragraphs are stricken. A proper allega-

tion would be that defendant is in a financial position to afford legal services of the claimed amount. If this is denied plaintiff would be in a position to prepare by all proper means. If the allegation is not denied the defendant would be free of vexatious inquiry and possible prejudice from inquiry into matters not in issue.

The motion is granted, with leave to plaintiff to serve an amended complaint, if so advised, on or before January 30, 1950.