GEORGE DE PERPIGNA, Respondent, *v.* GEORGE ILIOPOULOS, Appellant, et al., Defendants.

First Department, December 18, 1951.

*Charles Rosenthal* of counsel (*Jacob Lichtenstein* with him on the brief; *Charles Rosenthal*, attorney), for appellant.

*Max Schiff* for respondent.

COHN, J. Appellant and other defendants named herein are citizens and residents of Greece. They are prevented from entering the United States because of certain law violations.

Appellant must rely upon the issuance of a commission to take depositions of himself and the other defendants to properly defend this action. Jurisdiction over appellant was obtained by attachment of a deposit of $25,537.26 in a New York bank. These funds are being held subject to the outcome of the suit.

After a commission issued by the court, upon appellant's application, to take the depositions of the appellant and the other named defendants in Athens, Greece, had been executed and depositions taken thereunder were returned to the court, plaintiff was granted leave to serve an amended complaint.

In his original pleading plaintiff alleged (1) that his compensation for conducting an export business for defendants was to be based on 5% of purchases, and (2) that the services rendered covered a period of fourteen months — March 1, 1946, to June 11, 1947. In an amended complaint and the bill of particulars thereof plaintiff claimed (1) compensation of 5% based upon the amount of " business done " on the purchases, and (2) that the period during which the alleged services were rendered covers four years, to wit, from November 1, 1945, to October 1, 1949.

Denial of the defendant's subsequent motion for the issuance of an additional commission necessitated by the amended pleading and for other incidental relief was erroneous. There could be no doubt that if appellant and the other defendants were present at the trial and were called as witnesses they would be permitted to give testimony in relation to the new or different issues raised by plaintiff's amendment of his complaint. To preclude appellant from offering such evidence would be a clear violation of his fundamental rights.

Here the testimony sought under the new commission is material, necessary and vital to appellant to properly support his defense to the new cause of action. In such circumstances, the issuance of a new commission should have been ordered. (*Dambmann* v. *Metropolitan St. Ry. Co.*, 110 App. Div. 165.)

Appellant is not obliged to accept any concessions from plaintiff, but can and does insist upon his right to develop his own proof in respect of the amendments to plaintiff's original complaint, which are substantial.

The order should be reversed, with $20 costs and disbursements, and appellant's motion granted.

GLENNON, J. P., DORE, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant and the motion granted. Settle order on notice.