HARRIS J. GRISTON, Respondent, v. EDWARD M. ROSENFIELD, Appellant.

First Department, June 18, 1952.

*Mitchell Salem Fisher* of counsel (*Mendel Zucker* and *Sol Deutsch* with him on the brief; *Deutsch & Zucker*, attorneys), for appellant.

*Harris Jay Griston* of counsel (*David Gerhardt*, attorney), for respondent.

*Per Curiam.* This is an action by an attorney against a husband for the value of legal services rendered to a wife in a proceeding to obtain custody of a child. The complaint alleges that the defendant caused the wife to leave their home and detained the child, requiring the wife to institute a habeas corpus proceeding, in which plaintiff represented the wife. The theory of the present action is that the services to the wife in the habeas corpus proceeding were a necessary for which defendant is obligated to pay.

The wife instituted a separation action against the husband shortly after the institution of the custody proceeding and in the final determination of that action it was held that the wife was not justified in leaving the marital home. It follows that the habeas corpus proceeding was not justified and that the rendition of legal services to the wife in that proceeding was not a necessary for which defendant may be held responsible (*Weidlich* v. *Richards*, 276 App. Div. 383).

The order appealed from should be reversed, with $20 costs and disbursements to appellant, and defendant's motion for summary judgment granted.

Peck, P. J., Cohn, Van Voorhis and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion for summary judgment dismissing the complaint granted, and judgment is directed to be entered dismissing the complaint herein, with costs to defendant.