James B. M. McNally, J.
Plaintiff moves for an examination of the defendant as to his income, earnings and property and the defendant’s living expenses. The plaintiff has been awarded *754 a separation and the issue remaining to he determined is the extent of the defendant’s obligation to support the plaintiff. Although a plaintiff in an action for separation may not examine a defendant as to his economic condition prior to an adjudication in favor of the plaintiff in respect of her right to a separation (Van Valkenburgh v. Van Valkenburgh, 149 App. Div. 482), where, as here, the plaintiff has been awarded a decree of separation there is no reason why an examination of the defendant shall not be had on matters relating to the standard of living of the parties and the defendant’s financial capacity to maintain that standard. (Levi v. Levi, 182 Misc. 445.)
The defendant challenges the good faith of the plaintiff on this application and in support thereof points to the contrast between the readiness of the plaintiff to proceed with the trial on September 10, 1952 and her reluctance to proceed with the trial at this time without the examination now sought. It need only be observed in that regard that prior to September 10,1952 the plaintiff was not entitled to the examination because her right to the separation then had not, and since has, been adjudicated. Good faith is not to be measured by the omission to do that which in all likelihood would have been futile.
It has been held that the husband is required to provide for his wife “ in conformity with his condition and situation in life.” (Haas v. Haas, 298 N. Y. 69, 71.) The manner in which the parties have lived and the defendant’s financial capacity to furnish that support are material considerations in determining what is proper provision for the support of the plaintiff. (De Brauwere v. De Brauwere, 203 N. Y. 460, 464; Tirrell v. Tirrell, 232 N. Y. 224, 230.) Unfortunately, the pleadings herein, as appears to be the rule in actions of this character, do not delineate the issues pertaining to the measure of support the plaintiff is entitled to. Where the pertinent issues are framed by the pleadings it is proper to deny an examination as to matters which are admitted. (Burrows v. Magnetic Analysis Corp., 231 App. Div. 619.) The defendant suggests it is unnecessary to inquire into his earnings or assets. His answering affidavit avers: “ Were I to claim that I am not able to provide plaintiff with the standard of living which the court deems is suitable, then my property or fortune would be an important consideration. I have made no such claim, and my wealth therefore is not at this time under consideration.” The fact that the defendant has not disclaimed the financial ability to provide plaintiff with the support she may be entitled to does not dispense with the plaintiff’s burden to establish such financial capacity on the part of the defendant. It may be that the *755 defendant intended to concede Ms pecuMary ability to provide for the plaintiff to the extent which may be adjudicated ultimately herein, and not to challenge the character of the expenditures made by the defendant to maintain the standard of living of the parties. If that was the intent of the defendant and such intent is duly manifested by written concession on the settlement of this order the examination will be confined to item “ 2 ” hereinafter set out. Otherwise, the motion is granted as to the following matters:
1. The nature and extent of the defendant’s income, earnings and assets since November 14, 1939; and
2. The standard of living of the parties herein since November 14, 1939.
The defendant shall produce at the examination all relevant books, documents and records for use in accordance with section 296 of the Civil Practice Act. The discovery and inspection sought is denied at this time without prejudice to a further application therefor in the event that the limited inspection and discovery afforded under section 296 of the Civil Practice Act proves inadequate. (Zeltner v. Fidelity & Deposit Co. of Maryland, 220 App. Div. 21.) In view of the defendant’s opposition to such relief, the motion for the appointment of a referee is denied. The motion is also in all other respects denied. Settle order on one day’s notice with provision for the commencement of the examination on October 15, 1952.
On Motion for Reargument
Motion for reargument is granted to the following extent. The c.ourt’s decision on the motion for the examination before trial of the defendant provided that if the defendant “ duly manifested by written concession ” on the settlement of the order his pecuniary ability to provide for the plaintiff ' ‘ to the extent which may be adjudicated ultimately herein,” the examination will be limited to item 2 as set out in the said decision. The defendant has filed a concession (which is not acceptable to plaintiff) of “ his pecuniary ability to provide for the plaintiff to the extent which may be adjudicated ultimately herein ” but has not conceded in writing facts acceptable to plaintiff which will serve to support a conclusion in respect of the defendant’s financial ability to so provide. The plaintiff has submitted a proposed order setting out the underlying facts which she contends will serve her minimal needs in lieu of an examination of the defendant in regard to his income and assets; the defendant is unwilling to so concede. It was the purpose of the court to avoid or curtail, insofar as is consistent with the rights of the *756 parties, what may be an extended and involved inquiry into the nature and extent of the defendant’s financial affairs. It is unfortunate that the parties are unable to stipulate facts which will serve their proper ends and also conserve judicial time. The plaintiff, of course, is not obliged to accept concessions from the defendant and may insist on her right to examine the defendant and develop her own proof (De Perpigna v. Iliopoulos, 279 App. Div. 247); neither is the defendant required to concede that which he contends is otherwise and perhaps immaterial.
Accordingly, the defendant is directed to attend at Special Term, Part IV, or at such other place to be agreed on by counsel, on November 7, 1952, at 10:00 a.m. and be examined on the following matters:
1. The nature and extent of the defendant’s income, earnings and assets since November 14, 1939; and
2. The standard of living of the parties herein since November 14, 1939.
The defendant shall produce at said time and place all relevant books, documents and records for use in accordance with section 296 of the Civil Practice Act.
The motion is otherwise denied, without prejudice to a further application for a discovery and inspection in the event that the limited inspection and discovery afforded under section 296 of the Civil Practice Act proves inadequate.