MAXWELL A. RUBIN, Respondent, v. WILLIAM H. SORENSON, Appellant.— In an action by plaintiff, an attorney, to recover from defendant sums allegedly due plaintiff for necessary legal services rendered to defendant's wife, defendant appeals from an order made on motion by plaintiff pursuant to rule 113 of the Rules of Civil Practice, striking out defendant's answer, awarding summary judgment to plaintiff and referring the matter to an Official Referee for the assessment of damages. In a first cause of action plaintiff alleged that he rendered legal services to the wife in September, 1951, in connection with an annulment action instituted against her by defendant and subsequently discontinued; that such services were necessary, and that defendant failed to supply his wife with funds with which to pay therefor. In a second cause of action plaintiff alleged that he rendered legal services to the wife between October 1, 1951, and December 18, 1951, in connection with a separation action commenced by her against the defendant, which is still pending, which services were necessary, and that the defendant did not furnish funds to pay therefor; and plaintiff further alleged that on December 18, 1951, an order was made in said separation action granting the wife's application for a counsel fee and referring the question of amount thereof to the trial court. The defendant, in the present action, denied knowledge or information sufficient to form a belief as to the rendition of, or necessity for, the services allegedly rendered in connection with both actions, and admitted the allegations that he had not furnished his wife with funds with which to pay for such services. In affidavits submitted on the motion for summary judgment, defendant and his wife each charged that the other had been guilty of abandonment on or about August 31, 1951. It further appeared, from plaintiff's moving affidavit, that defendant's annulment action against his wife was commenced by the service of a summons only and that no complaint was ever served therein. Order reversed on the law and the facts, with $10 costs and disbursements, and plaintiff's motion denied, with $10 costs. Since it appeared from the motion papers that defendant and his wife were living separate and apart at all times during which plaintiff rendered services to the wife, it was incumbent upon him to establish, in order to recover on the theory that his services were necessaries for which defendant is liable, that such separation was due to the fault of the husband. (*Weidlich* v. *Richards,* 276 App. Div. 383; *Constable* v. *Rosener,* 82 App. Div. 155, affd. 178 N. Y. 587; *McDermott* v. *Books,* 128 Misc. 17, affd. 218 App. Div. 849.) This he failed to do, and a triable issue of fact exists as to that question which prohibits an award of summary judgment to plaintiff on either of his causes of action. By reason of the same facts plaintiff also failed to establish, as to his second cause of action, that his services were necessary; i.e., that the wife has a meritorious cause of action for a separation based on an abandonment by defendant. (*Naumer* v. *Gray,* 28 App. Div. 529; *Weidlich* v. *Richards, supra.*) Since defendant did not move for summary judgment on the second cause of action

at Special Term and does not ask this court to grant him such relief on this appeal, we do not pass on his contention that plaintiff may not in any event recover on the second cause of action by reason of the fact that an order has been entered in the separation action granting the wife alimony *pendente lite* and a counsel fee. Nolan P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., dissents insofar as summary judgment is denied on the first cause of action for services rendered to defendant's wife in the annulment action instituted by the defendant against his wife and thereafter discontinued, and votes to sever the two causes of action and to grant plaintiff's motion for summary judgment upon such first cause of action, with the following memorandum: The husband commenced the litigation between these parties by serving upon his wife a summons in an action for the annulment of their marriage. The plaintiff, as the wife's attorney, served a notice of appearance. No complaint was served within the statutory time, and, thereafter, on stipulation, the action was discontinued. Under these circumstances, the wife's attorney is entitled to recover for the value of the services he rendered in defense of the marital status. His services constituted a necessity to the wife for which no provision had been made by the husband. (*Elder* v. *Rosenwasser,* 238 N. Y. 427.) In actions seeking dissolution of a marriage, public policy requires that a wife be furnished the means to protect herself and her marriage.