Victor Levine, Respondent, v. Isadore Raymond, Appellant.

Fourth Department, December 19, 1956.

*Richard N. Ames* for appellant.

*Gustav P. Blaustein* for respondent.

Bastow, J. The plaintiff, an attorney, has recovered a judgment against defendant for legal services alleged to have been furnished to defendant's wife. The action was brought and recovery obtained upon the theory that such services were necessaries for which the defendant was responsible and liable. Plaintiff testified that during a period of four months he and his associates were consulted by defendant's wife in regard to her claimed matrimonial difficulties with the defendant; that following inconclusive conferences with the husband's attorneys a separation action was commenced. Liberally construed, the complaint served therein contained allegations seeking a separation upon the four grounds of cruel and inhuman treatment; abandonment; nonsupport and conduct on the part of the husband that might render it unsafe and improper for the wife to cohabit with her husband. The latter served an answer placing in issue the material allegations of the complaint and setting forth three separate counterclaims for an annulment of the marriage. Almost simultaneously with the service of the answer a series of conferences commenced between the spouses and their respective attorneys. These resulted nine days later in a reconciliation and the execution of an agreement by the terms of which the wife received substantial present and future monetary benefits but the husband did not admit or concede therein or elsewhere the truth of any of the allegations of the complaint.

Thereafter this action was commenced. The sufficiency of the complaint was not attacked either prior to or during the trial. At the close of plaintiff's case a motion was made to dismiss the complaint on the ground that plaintiff had not proved that the wife in the matrimonial action was entitled to a decree of separation. At this point the only proof offered by plaintiff on this

phase of the case was his testimony as to facts given to him by the wife and documentary evidence in the form of the pleadings in the separation action and the so-called reconciliation agreement. Neither the wife nor any other witness was sworn to give testimony on this subject. The defendant contends that the denial of this motion was error. The correctness of the decision must be determined, of course, upon the then state of the record and not upon proof submitted as part of defendant's case.

There was once a question as to the right of an attorney to bring an action of this kind but the doubt was laid to rest by the decision of *Naumer* v. *Gray* (28 App. Div. 529). There Judge Cullen wrote (p. 534): " I think from this collation of the decided cases it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper." This latter rule as to the quantum of proof required is the corollary of the element of proof required of the tradesman or other furnisher of necessaries that when husband and wife do not live together, it is part of the plaintiff's affirmative case to offer proof that the wife was not suitably provided for and that the separation was not due to the fault of the wife. (*Constable* v. *Rosener*, 82 App. Div. 155, 162, affd. 178 N. Y. 587; *Altman & Co.* v. *Durland*, 185 App. Div. 114, 118; *McDermott* v. *Books*, 128 Misc. 17, affd. 218 App. Div. 849.)

The rule enunciated in *Naumer* v. *Gray* (*supra*) has been consistently followed in passing upon the sufficiency of pleadings in actions brought to recover from husbands for legal services alleged to have been furnished to a wife as necessaries (*Kaufman* v. *Farah*, 281 App. Div. 48; *Griston* v. *Rosenfield*, 280 App. Div. 273; *Steisel* v. *Gratzer*, 3 Misc 2d 816) and in applications for summary judgment (*Rubin* v. *Sorenson*, 280 App. Div. 949; *Weidlich* v. *Richards*, 276 App. Div. 383; *Zipser* v. *Hardy*, 3 Misc 2d 749).

Thus, the motion made by defendant at the close of plaintiff's proof posed for the trial court the question, in part at least, as to whether plaintiff had proved that the separation action had been brought for the protection and support of the wife and that the conduct of the husband was such as to render its institution reasonable and proper. If that prior action had been based solely on the grounds of cruel and inhuman treatment or abandonment or conduct on the part of the husband making it unsafe for the wife to cohabit with him, we believe that further

proof would have been required to survive the motion to dismiss. In other words, more was required than the mere recital by the plaintiff of facts stated to him by the wife and thereafter incorporated in a complaint. Indeed, as to the allegation of abandonment it may fairly be inferred from plaintiff's testimony that Mrs. Raymond left her husband as a preliminary step to the institution of the separation action.

We conclude, however, that the motion was properly denied by reason of the proof submitted upon the issue of nonsupport and the services rendered in connection with the counterclaims asserted by the defendant in his answer. The agreement signed by the spouses at the time of reconciliation contained provisions for the future support and maintenance of the wife both during the lifetime of her husband and thereafter, which together with the other proof justified a determination that a prima facie case had been presented of inadequacy of prior support and that the institution of the action was reasonable and proper.

Subsequently, and as part of the defendant's case Mrs. Raymond was called as a witness and testified upon direct examination that the allegations of the complaint in the separation action verified by her were true. The court in its charge correctly stated the heretofore discussed rule as to the quantum of proof required in this kind of an action. No exception was taken thereto and the court was not requested to instruct the jury that in applying this rule they should in any manner differentiate among the four alleged grounds for separation in determining the value of the services rendered.

The defendant raises one other point that merits brief discussion. At the opening of the trial defense counsel stated that '' The defendant stipulates that the defendant herein is worth the amount claimed in the complaint and objects to the plaintiff referring to his worth and means.'' We construe this language to mean the monetary demand for judgment in the complaint because we find no allegation in the pleading as to the wealth or worth of the defendant. The latter now contends that by reason of this stipulation the husband's '' Ability to pay (was) not an issue at (the) trial and evidence of defendant's assets should have been excluded.'' In our opinion this contention may not be sustained.

In this area of the law the distinction should be kept in mind between alimony and an award for legal services. In fixing the amount of alimony '' The ultimate determination in each case must depend upon a balancing of several factors — the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the

marriage, and the conduct of the parties." (*Phillips* v. *Phillips,* 1 A D 2d 393, 398.) On occasion a husband in a matrimonial action for one reason or another, and usually to prevent an exploration of his financial status, will concede that he has the pecuniary ability to pay any amount of alimony that may be fixed by the court. This concession, however, is customarily made subject to consideration by the court of the other factors heretofore mentioned and particularly the station in life of the parties. (Cf. *Rose* v. *Rose,* 3 Misc 2d 753, 282 App. Div. 682.) In determining the value of legal services a somewhat different approach is required. The applicable rule has been well stated by Mr. Justice STEUER in *Moldauer* v. *Walzer* (197 Misc. 649, 650) as follows: " The true rule in regard to the effect of the financial worth of the defendant on the value of legal services rendered him is negative, in that, no matter what the worth of the defendant may be it cannot increase the value of the services, but the poverty of the defendant may reduce the sum collectible. An action for reasonable value of any services is always in quasi contract. The defendant can never be enriched beyond the value of the services rendered to him. But if he cannot afford those services the contract implied from the facts must be one that he could have afforded and hence would be presumed to have made." We do not construe *Easton* v. *Simpson* (182 Misc. 405, affd. by this court 267 App. Div. 1047) as a decision to the contrary. There the plaintiff attorney in a similar action was seeking to examine the defendant husband before trial. The language of the matter, upon which such examination was sought, was ineptly worded in the notice to examine but it is clear that the court was considering the financial ability of the husband to afford the legal services and not the isolated issue of his ability to pay the amount demanded in the complaint.

When the foregoing rule is applied to the stipulation made by defendant it is shown to be without meaning. The amount demanded in the complaint was $20,000. The concession made by defendant could have been made by one having assets of $21,000. The criterion is not whether defendant could pay the amount of the judgment although he is left after such payment on the verge of insolvency. The search is to determine whether a defendant is in a financial position to afford legal services of the claimed amount. This the defendant did not concede and the stipulation placed upon the record had no relevancy to the issues presented.

Moreover, we are of the opinion that if the concession had been in proper form there were issues in this case that would

have made its implementation prejudicial to the plaintiff. If the latter was entitled to recover, one of the elements to be considered by the jury was the benefits resulting to the wife from the services performed. Here the parties were not reconciled with an oral promise of the husband to adequately support his wife. As has been stated, there was a written agreement by the provisions of which the wife obtained substantial benefits. Prior to the separation the defendant had given his spouse $50 per week with which the latter was required to pay all household expenses and her personal expenses, including clothing. By the provisions of the agreement the husband conveyed to his wife the absolute title, subject to certain restrictions, to two parcels of realty shown upon the trial to have a market value of approximately $55,000 with the net income therefrom to be divided equally between the parties. There was further proof that the husband owned 56% of the stock in seven corporations, each of which was the sole owner of a parcel of realty. The jury could have found that these properties had a total market value of $910,429 and any mortgages thereon would be amortized during the life expectancy of the husband. The latter agreed that he would not, without the consent of his wife, alienate or assign or create a testamentary trust of the shares so owned by him and expressed an intention that upon his death his wife should be the owner of slightly more than 20% of all of the issued and authorized stock of the seven corporations. In addition the husband made her the irrevocable beneficiary of certain policies of insurance upon his life and agreed to pay her $50 per week during his lifetime and an additional $50 per week to be paid to the wife in the form of a salary from one or more of the corporations during the remainder of her life with the husband's personal guarantee that the latter sum would be paid.

It becomes apparent that this evidence, while to a limited extent revealing the defendant's financial position, had an important bearing upon the benefits resulting to the wife from the services performed by plaintiff and further materiality to prove that upon the issue of nonsupport the separation action was brought for the protection of the wife and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper.

The judgment appealed from, as amended, should be affirmed.

All concur. Present — McCurn, P.. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment as amended affirmed, with costs.