■ SHIRLEY BLOOM, Appellant, v. BANK FOR SAVINGS, Respondent.— In an action to recover the sum of $2,800 paid by defendant on two forged withdrawal orders on an account in the name of "Shirley Bloom in trust for son Stuart Bloom", plaintiff, individually and as guardian ad litem for Stuart Bloom, an infant, appeals, by permission of the Appellate Term, from a resettled order of that court which (1) reversed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in favor of the plaintiff and dismissed the complaint, with costs; (2) dismissed the appeal from the decision; and (3) deemed the title of the action "amended so as to substitute Shirley Bloom, Plaintiff, in the place of Shirley Bloom, Guardian ad Litem for Stuart Bloom, an infant." Resettled order unanimously affirmed, with costs. We agree with the Appellate Term that there was no showing that the defendant failed to use the due care and diligence required of it in paying out the moneys in suit. (Cf. *Appleby* v. *Erie County Sav. Bank*, 62 N. Y. 12; *Campbell* v. *Schenectady Sav. Bank*, 114 App. Div. 337; *Noah* v. *Bank for Sav.*, 171 App. Div. 191; *Geitelsohn* v. *Citizens' Sav. Bank*, 17 Misc. 574.) We do not reach the question whether the proper party plaintiff was Shirley Bloom individually, or as guardian ad litem of the infant to whom, the trial court found, the moneys on deposit belonged, as the complaint was properly dismissed in any event and any liability of Shirley Bloom for costs would be the same (cf. N. Y. City Mun. Ct. Code, § 26). Present — Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ.

■ GERTRUDE CAMPBELL, Respondent-Appellant, v. PETER J. CAMPBELL, Appellant-Respondent.— In an action for a separation, plaintiff appeals from so much of a judgment entered after trial as dismisses the complaint on the merits. Defendant cross-appeals from so much of the judgment as directs him to pay for the support of plaintiff and grants her a counsel fee. Judgment modified upon the law and the facts by striking therefrom the provisions awarding plaintiff alimony and a counsel fee. As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In view of the dismissal of the complaint, it was improper for the court to grant alimony and a counsel fee (Civ. Prac. Act, § 1164; *Davis* v. *Davis*, 75 N. Y. 221, 224; *Kingston* v. *Kingston*, 283 App. Div. 355, 357; *Berkowicz* v. *Berkowicz*, 1 A D 2d 1019). It was shown that a counsel fee was not a necessary for which defendant was obligated (*Weidlich* v. *Richards*, 276 App. Div. 383, 384; *Rubin* v. *Sorenson*, 280 App. Div. 949; *Fudin* v. *Fudin*, 7 A D 2d 1021). Present — Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ.