■ RUTH G. MANHEIM, Appellant-Respondent, v. PAUL E. MANHEIM, Respondent-Appellant.— Judgment of separation in favor of plaintiff-appellant against defendant-respondent modified on the law, on the facts and in the exercise of discretion to reduce the allowance of counsel fee to the sum of $10,000, and, as modified, affirmed, without costs or disbursements. The record indicates no pretrial proceedings in this case. The action was uncontested except with respect to the amount of alimony, and as to that the only issue was the standard of living of the parties during their marital life; and the trial lasted less than one day. The allowance of counsel fee below was, therefore, excessive. The evidence shows that the parties have been married upwards of 9 years, it being a second marriage for each, and that at the time of the marriage the plaintiff was 45 years of age and the defendant 53 years of age. There is no issue of the marriage. In the 4th year of the marriage there was a separation, and although they reconciled, their marital life was not normal thereafter. The plaintiff had been a woman of very modest means. It appears that since the marriage the defendant has made gifts of jewelry to the plaintiff of a value in excess of $300,000, and gifts of capital investments now valued in excess of $200,000. In view of defendant's concession that he is financially able "to provide for the plaintiff to the extent which may be adjudicated ultimately herein by the Court", the only issue for trial was the established standard of living of the parties during their normal married life. (*Tirrell* v. *Tirrell*, 232 N. Y. 224, 229–230; *Hearst* v. *Hearst*, 3 A D 2d 706, affd. 3 N Y 2d 967; *Stahl* v. *Stahl*, 16 A D 2d 467, 468; *Borchard* v. *Borchard*, 5 A D 2d 472, 477–478; *Rose* v. *Rose*, 3 Misc 2d 753, 754–755.) Plaintiff's evidence was woefully weak with respect to that issue, and was supplemented by defendant. Upon sufficient evidence the court found that standard to rest upon an expenditure of approximately $60,000 per year. Upon this record we find that the award of $42,000 annually was adequate. Concur—Steuer, J. P., Tilzer, McGivern and Witmer, JJ.; Capozzoli, J., dissents in the following memorandum: Plaintiff has been awarded a decree of separation "from the defendant, Paul E. Manheim, his bed and board forever, upon the ground of the neglect and refusal of said defendant to provide for her". Therefore, under the law the defendant is required to provide for the plaintiff in conformity with his condition and situa-

tion in life. The manner in which the parties have lived and the husband's financial capacity to furnish that support are material considerations in determining what is proper provision for the support of his wife. (*Haas* v. *Haas,* 298 N. Y. 69; *Rose* v. *Rose,* 3 Misc 2d 753.) While it is true that a wife is not entitled to share in a husband's income as such, she is nevertheless entitled to support on the basis of the established standard of living which they observed in happier days. (*Borchard* v. *Borchard,* 5 A D 2d 472.) In the last cited case (pp. 477–478) the court said: "In determining the amount to be paid by a husband of wealth and a substantial income * * * the search becomes to a large extent one to determine the standard of living of the parties". The court below acted on the basis of the 1966 list of expenses furnished by the defendant and took that as the basis of the preseparation standard of living for the plaintiff. However, this was not a proper guide because the year 1966 was one of marital strife between the parties and did not fairly reflect the true standard of living which the plaintiff enjoyed when the parties lived together as a happy couple, enjoying each other's company. In those days the evidence clearly shows that large expenditures were made for entertainment, yearly European trips, and a full staff of servants. In addition, the defendant gave to the plaintiff jewelry valued at $103,000 and also the sum of $1,000 each month as an allowance for her personal use. Soon after the marriage the plaintiff and defendant moved into a duplex co-operative apartment, with its own separate entrance, in a large apartment building on the corner of 67th Street and Fifth Avenue. Its purchase price was $150,000 and an additional amount of $175,000 was spent in renovations. In 1963 the parties constructed a residence in East Hampton, L.I. consisting of a main house and a guest house, both designed by plaintiff. From the description given at the trial the residence is a sumptuous one. A gardner and a maid were employed there on a full time basis. Also the parties maintained a house on Harbor Island in the Bahamas, also designed and decorated under plaintff's direction. Strangely enough, with three different houses that the plaintiff had the right to use when there was no marital discord, the court below ousted her from all of them, although she was found to be the victim of the defendant's neglect and refusal to provide for her. On the basis of the evidence adduced at the trial it seems clear that the standard of living enjoyed by plaintiff before the difficulties arose cannot be maintained on the award made below, especially when it is considered that she must pay an income tax on that amount. The award below "does not adequately reflect the pertinent circumstances, especially the marital standard of living and the extent of plaintiff's income, and that justice requires the increase". (*Rosenstiel* v. *Rosenstiel,* 28 A D 2d 651, affd. 20 N Y 2d 925.) For the reasons above stated I dissent from the court's determination and vote to modify the judgment below to the extent of increasing the sum awarded for the plaintiff's support to $75,000 annually and otherwise affirm.