**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOHN J. GENOVESE
Debtor.

A. CHARLES D'AGOSTINO,

Plaintiff-Appellee,

No. 95-1984

v.

JOHN J. GENOVESE,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
William M. Kidd, Senior District Judge.
(CA-94-95-5, BK-90-30945)

Argued: June 3, 1996

Decided: September 12, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
MACKENZIE, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Shawn Santa Barbara, CAMILLETTI, OLLAR
& SANTA BARBARA, Martinsburg, West Virginia, for Appellant.

Daniel T. Booth, MARTIN & SEIBERT, L.C., Martinsburg, West Virginia, for Appellee. **ON BRIEF:** Scott A. Ollar, THE LAW OFFICE OF SCOTT A. OLLAR, Martinsburg, West Virginia, for Appellant.

———————————————————————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

———————————————————————————————

**OPINION**

PER CURIAM:

Plaintiff-appellee Charles D'Agostino represented Michelle Genovese in lengthy divorce and custodial proceedings in New York state against her ex-husband, defendant-appellant John Genovese. After seven years, the New York court dismissed the divorce action, but awarded custody and child support to Michelle Genovese. Following the New York court's dismissal, John Genovese filed for and received a divorce in West Virginia.

Subsequently, in a separate proceeding, D'Agostino sought to collect attorney's fees for his representation of Michelle Genovese from John Genovese. After a trial, where John Genovese was represented by counsel, but did not appear personally, the New York court awarded D'Agostino attorney's fees payable by John Genovese as necessaries for his wife and child's support during the protracted divorce.

D'Agostino registered his judgment in West Virginia and initiated enforcement proceedings against John Genovese. John Genovese, however, filed for bankruptcy under Chapter 7 of the federal Bankruptcy Code in West Virginia. The bankruptcy court found that the attorney's fee award was dischargeable under the Code. The district court reversed, finding that the award was nondischargeable because it was in the nature of nondischargeable alimony, maintenance, and support under 11 U.S.C. § 523(a)(5). Further, the district court held

2

that the New York state court's factual finding that the attorney's fees were necessary for support of Michelle Genovese and her son was entitled to deference and was binding upon the federal courts under the doctrine of collateral estoppel. John Genovese appeals the district court's ruling. For the following reasons, we affirm.

I

Section 523(a)(5) of the Bankruptcy Code provides that a discharge from debt "does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." Nondischargeable debt under § 523(a)(5)(B) includes debt "in the nature of alimony, maintenance, or support."

Whether a debt is in the nature of alimony, maintenance, or support is a question of Federal Bankruptcy law. Sylvester v. Sylvester, 865 F.2d 1164, 1166 (10th Cir. 1989) (per curiam). Thus, the bankruptcy court has exclusive jurisdiction to make the legal conclusion as to whether a debt is dischargeable. Grogan v. Garner, 498 U.S. 279, 289 (1991) (explaining that Congress amended Bankruptcy Act in 1970 to make nondischargeability a question of federal law independent of the issue of the validity of the underlying claim).

Under federal law, when an award of attorney's fees as necessaries is at issue, the dispositive question is whether the court making the award intended it to be in the nature of support. Matter of Long, 794 F.2d 928, 931 (4th Cir. 1986); Tilley v. Jessee , 789 F.2d 1074, 1078 n.4 (4th Cir. 1986). The New York state court awarded the fees as necessaries, clearly indicating that they were awarded based on the "need of the spouse." The New York court stated:

> As for the necessaries, the Court finds there was a need of the spouse, and even when the needs were there the husband did not comply with valid orders and maneuvered his way around so that he would not have to pay the various income and maintenance and support he should have paid. (emphasis added).

3

The New York state court further found that John Genovese, who had earned a substantial income, had been dishonest with the court and depleted himself of every asset possible through the purchase of boats and the like, in order to avoid paying income and maintenance to his wife and children. The New York court further noted the disparity in income between Michelle Genovese, who did not work, and her husband, whose earnings had fluctuated between $43,000 per year and close to six figures, and the husband's failure to comply with orders and to pay income and maintenance to his wife and children that he should have paid. Disparity in earning power is a factor to be considered when determining whether an award of attorney's fees is in the nature of alimony, maintenance, and support. In re Joseph, 16 F.3d 86, 88 (5th Cir. 1994).

For all of those reasons, the New York court awarded $42,475.00 in attorney's fees, plus interest and cost, to D'Agostino as necessaries under a theory of quantum meruit. The judgment was upheld on appeal. Thus, the bankruptcy court had before it a judgment by a court of record for attorney's fees intended by the New York court as maintenance and support for Michelle Genovese and her son. Under federal law, therefore, the judgment was nondischargeable under the Bankruptcy Code.

II

The bankruptcy court, however, reviewed the New York trial transcript and orders and determined that the attorney's fees were not in the nature or alimony, support, or maintenance dischargeable under § 523(a)(5). Collateral estoppel prevented the bankruptcy judge from making that determination.

Under the doctrine of collateral estoppel or issue preclusion, a judgment debtor may be precluded in bankruptcy proceedings from relitigating an issue of fact previously decided in a state court. Garner, 498 U.S. at 284 & 284-85 n.11; In Re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). Thus, despite the bankruptcy court's exclusive jurisdiction to determine dischargeability, it does not need to redetermine all facts underlying the legal inquiry if they were previously determined in an earlier lawsuit. Garner , 498 U.S. at 278-79 n.11. In keeping with that principle, the Fourth Circuit bars factual

4

findings in state court from being relitigated in federal bankruptcy proceedings where the requirements of collateral estoppel are met. Combs v. Richardson, 838 F.2d 112, 114-16 (4th Cir. 1988); In re Raynor, 922 F.2d 1146, 1148-49 (4th Cir. 1991).

In determining the preclusive effect of the New York court's findings of fact, we "must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel." In re McNallen, 62 F.3d at 624. The district court did not discuss with specificity the collateral estoppel requirements it applied. Thus, it did not clarify whether it applied New York or Fourth Circuit principles of collateral estoppel. Because there is no material difference between the requirements for collateral estoppel under New York law versus Fourth Circuit law, that failure is immaterial. Compare Continental Casualty Co. v. Rapid-American Corp., 609 N.E.2d 506, 510 (N.Y. 1993) with Ramsay v. United States Immigration & Naturalization Serv., 14 F.2d 206, 210 (4th Cir. 1994).

New York law requires that an issue be precluded from being relitigated if it is: (1) identical to that litigated previously; and (2) the parties seeking to be estopped had a full and fair opportunity to litigate the issue. Continental Casualty, 609 N.E.2d at 510. John Genovese concedes that the elements of collateral estoppel apply, with the exception of identity of issues litigated. He contends that the issue litigated in the New York proceeding was not identical. He asserts that the New York court's determination that attorney's fees were among Michelle Genovese's necessaries is a mere label which is not binding on this court. In re Brody, 3 F.3d 35, 39 (2d Cir. 1993).

A bankruptcy court is not bound by mere labels applied in state court. The bankruptcy court must examine the substance of the finding and the intent behind the court making the award. However, a bankruptcy court is bound by identical sets of facts previously litigated in state court.

We must determine whether the identical issue was actually litigated "with particular care." In re Raynor , 922 F.2d at 1149 (citing Combs, 838 F.2d at 113). The question of necessaries under New York law inquires as to whether the fees or services where incurred for "protection" and "support" and whether the lawsuit on behalf of

5

the wife was "rendered reasonable and proper" by the conduct of the husband. Levine v. Raymond, 3 A.D.2d 36, 38 (N.Y. App. Div. 1956); see also Weidlich v. Richards, 276 A.D. 383 (N.Y. App. Div. 1950) (attorney's fees as necessaries are merited where (1) the husband is at fault; and (2) the wife has a right to a separate living). Under § 523(a)(5), the question asked is whether the court making the award did so in a judicial order and intended the award as maintenance or support owed to the spouse or child. The New York court's necessaries inquiry as to whether the attorney's fees were needed as support and maintenance and the relative fault of the parties answers essentially the same factual inquiry the bankruptcy court must make: did the state court intend the award as support and maintenance?

The bankruptcy court, however, discounted the New York state court's factual findings. The bankruptcy court stated: "The Court is unpersuaded by the Westchester County Supreme Court's analysis in arriving at its conclusion that the debtor's payment of plaintiff's attorney fees would constitute `necessaries' to Mrs. Genovese." The Bankruptcy Court looked to the record in the New York court proceeding and rejected the factual findings because it perceived them to be based solely on "the unsubstantiated, self-serving testimony of [D'Agostino] himself concerning [John Genovese's] net worth." The Bankruptcy Court further found that "it [was] untenable that no inquiry was made by the Westchester court into Mrs. Genovese's need in arriving at its conclusion." The bankruptcy court, therefore, ignored the factual findings of the state court and determined that D'Agostino's fees were not necessary as support or maintenance for Michelle Genovese and her son.

Whether the fees were in the nature of support for Michelle Genovese and her son, as a factual matter, however, was and is entitled to preclusive effect. Collateral estoppel precludes a separate and independent examination by the Bankruptcy Court of the facts as found by the New York court. Thus, we must treat the attorney's fees awarded by another court of record as being in the nature of support and maintenance of Michelle Genovese and her son. The fees, therefore, fall under the category of nondischargeable debt.*

_____

*John Genovese makes two further arguments. First, he contends that the debt should be discharged because the fees were not imposed in the

6

Accordingly, the judgment of the district court is

AFFIRMED.

_____

divorce proceeding, but rather in a separate proceeding. The statute states, however, that the nondischargeable debts may be imposed "in connection with a separation agreement, divorce decree, or other order of a court of record." Thus, the fact that the award stems from a proceeding separate from the actual divorce proceeding is irrelevant under the plain terms of the statute. Furthermore, as the district court found, the award was "to recompense [D'Agostino] for the attorney fees he expended in representing [Michelle] Genovese during the divorce and custody proceedings against [John] Genovese. The primary debt is the child custody and support obligation with the subsequent award of attorney fees directly related thereto."

Second, John Genovese argues that because the attorney's fees are owed to D'Agostino and not to his wife or child directly that they are not recoverable under § 523(a)(5). John Genovese failed to make this argument to the bankruptcy court. Generally, new arguments cannot be made on appeal for the first time except "in a very limited number of circumstances, such as where refusal to consider the newly raised issue would be plain error or would result in a fundamental miscarriage of justice." Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). No such error would result here because the Fourth Circuit has expressly found that fees payable directly to an attorney under a divorce agreement may be considered nondischargeable under § 523(a)(5). In re Silansky, 897 F.2d 743, 744 (4th Cir. 1990); see also In re Spong , 661 F.2d 6, 10-11 (2d Cir. 1981). We see no reason to treat fees awarded in a divorce agreement separately from those awarded by a court in a separate subsequent proceeding.

7