HAYNES *v.* HAYNES.

(*Knoxville*, September Term, 1950.)

Opinion filed June 16, 1951.

ELY & ELY, of Knoxville, for plaintiff in error.

GEORGE S. CHILD, of Knoxville, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

Marguerite Lucille Haynes filed her petition in the circuit court of Knox County, Tennessee, against her husband for separate maintenance, alleging that he had left her and their infant child without support; that he left home frequently on "drinking sprees", remaining away for several days at a time without her knowledge of his whereabouts; that by reason of his desertion and abandonment "it became necessary for her to borrow money and sell clothing oft times repeatedly and for long periods during the past years."

The petition further alleged that her husband was possessed of considerable property, his income from one building alone amounted to $2,000 per month; that he had entered into a contract with her whereby the occupants of the building would pay her each month as much

as one third of the rent, or $638.89, but that the lessee, Woolworth Company, had not signed the agreement or formally accepted it. Nor does it appear that she received the amount agreed upon or any part of it. To what extent it was adequate for her support and that of the child is not shown.

The petition was never answered, and the defendant later, while intoxicated, made a violent assault upon her and she thereupon filed an amended petition in which she prayed for an absolute divorce. In both the original and amended petition she prayed for alimony and reasonable attorney fees "for services rendered and to be rendered."

Following the filing of the amended petition the parties became reconciled and Mrs. Haynes' suit was dismissed. Thereupon her counsel, George S. Child, filed his petition in which he set out in some detail the services he had rendered Mrs. Haynes in the divorce proceedings. The petition alleges that "it is an independent petition seeking the allowance of an attorney fee against the defendant, William Paris Haynes, Jr. *for services rendered his wife and dependent child* in this cause . . ." etc.

The defendant demurred to the petition on the grounds (1) the parties have become reconciled and the suit has been abandoned before issue joined, (2) that the petition is an effort to collect fees for services already rendered and incurred, (3) that the petition shows on its face that "the complainant is not 'destitute' or in need of such funds, that she is receiving $638.89 per month with the use of the residence." Other grounds of the demurrer are argumentative of those above referred to. The trial judge overruled the demurrer and allowed a discretionary appeal upon the theory that it was in the nature of an equity cause. The demurrer admits the truth of the charges in

the petition that the counsel sought a decree for services rendered the defendant's wife and dependent child; also that the wife was dependent to the extent that she was compelled to borrow money from time to time and sell clothing to support herself and child.

The principal argument in support of the demurrer is that the divorce had come to an end and no fees could be allowed for past professional services, and that the wife was receiving $638.89 per month and hence was not destitute. It is insisted "that before the wife can be awarded alimony or attorney's fees in a divorce case it must affirmatively appear that she is *destitute*." citing *Thompson* v. *Thompson*, 40 Tenn. 527; *Burrow* v. *Burrow*, 74 Tenn. 499; and other cases.

We will not controvert the general rule relied on. The cases cited are not applicable because the trial judge properly treated counsel's petition as *an independent action* and that in the circumstances the wife was authorized to pledge the credit of her husband for services rendered herself and child. Code Section 8447 relating to allowance of alimony is not applicable to the case at bar. It cannot be doubted that the wife was in need of counsel and that the infant child was likewise in need of support and the aid of counsel. No one questions the well settled rule of law that it is the duty of the husband to furnish support for the family. Moreover we think it would be monstrous for the Court to hold that she could not secure counsel *on her husband's credit* to compel him to furnish such support at least *for his dependent child*.

The case of *Greggory* v. *Greggory*, 1 Tenn. App. 570, fully supports the ruling of the trial court in overruling the demurrer. In 41 C. J. S., Husband and Wife, Sec. 60, p. 526, it is said: "While the authorites are not uni-

form, the general rule is that legal services are necessaries for which a husband is liable where they are necessary to the relief and protection of the wife or her rights, or the defense of her good name.''

"*Suits for Limited Divorce or Judicial Separation.* Where it appears that a suit for judicial separation, or divorce a mensa et thoro, is for the protection and support of the wife, and the conduct of the husband is such as to render its institution and prosecution reasonable and proper, or, in other words, where the suit is reasonably and justifiably instituted, the wife's attorney may recover, in an independent action against the husband, for his services. Conversely, a recovery cannot be had where these elements do not appear.'' 30 C. J., Husband and Wife, Section 153.

The foregoing text is cited as authority in *Greggory* v. *Greggory,* supra.

In Keezer, Marriage and Divorce (Morland), 3rd Edition, at Section 617, it is said: "*Counsel fees—Allowance where parties have become reconciled.*—Whether upon reconciliation of the parties in a divorce or separate maintenance suit, counsel fees may be allowed, there is much disagreement among the authorities; but that such an allowance may be made seems to be supported by a majority of the cases, as it certainly is by the soundest principles of justice and fair dealing.''

"*Whether Wife's Attorney's Fees Are Necessaries.* Whether a wife can pledge her husband's credit for legal services depends as in case of other necessaries on the facts and circumstances. If the wife is wilfully living apart from the husband without his fault, she may have forfeited her right to pledge his credit for necessaries. Where this condition does not exist, the husband may be

liable for reasonable counsel fees that are reasonably necessary for the wife's protection." Schouler Divorce Manual (Warren), Section 237.

In cases to the contrary the general rule seems to be that where there has been a reconciliation between the parties the cause will not be continued and held open for the allowance of fees for past services. In such circumstances the counsel is remitted to an independent action against the husband to recover for services rendered, and his right to a recovery would depend upon whether or not the wife was justified in pledging her husband's credit in order to secure legal assistance.

There is no merit in defendant's insistence that his credit could not be pledged because "his wife was not destitute", relying upon the agreement which he had signed allotting to her $638.89 per month, and that "she was living in the residence." The demurrer admits the truth of the allegation in her petition for divorce that she and her child had nothing to maintain themselves when he abandoned them. It was only through the aid of counsel that he made provision for them, and for this service we hold that the counsel is entitled to maintain this action.

The assignments of error are overruled, and the lower court is affirmed. The case is remanded for a trial on the merits.

All concur.