BRUCE LAW and MARTIN BROOKS NORFLEET, Appellants,

*v.*

JOE LYNN WILHITE, Appellee.

470 S.W.2d 8

(*Jackson,* April Term, 1971.)

Opinion filed August 2, 1971.

BRUCE LAW, MARVIN BROOKS NORFLEET, pro se.

JOHN T. WILKINSON, JR., Memphis, for appellee.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case comes to this Court from the action of the trial judge sustaining a demurrer to the declaration dismissing the case. In this opinion we will refer to the parties as they appeared in the trial court; that is, Bruce Law and Marvin Brooks Norfleet as plaintiffs, and Joe Lynn Wilhite as defendant. The facts admitted here upon demurrer giving rise to this action are as follows:

On September 11, 1968, Shirley Wilhite, wife of defendant, filed her suit for divorce, obtaining from the court an order restraining defendant from "harming or threatening bodily harm to her." Among other things, she prayed for alimony, child support, and attorneys' fees pendente lite. On October 16, 1968, defendant filed an answer and a cross-bill for divorce. At this stage of the proceedings, plaintiffs, as attorneys for Shirley Wil-

hite, entered this divorce case for the first time. On October 23, 1968, Shirley Wilhite, by written agreement, employed plaintiffs to represent her in this divorce proceeding and obligated herself to pay plaintiffs certain stated or computable amounts. Plaintiffs prepared an amendment to the original bill and answer to the cross-bill, filing same on November 12, 1968. Plaintiffs continued their work as attorneys for Shirley Wilhite and on February 5, 1969, took the pre-trial deposition of defendant. The parties thereafter became reconciled and on January 5, 1970, the original bill and cross-bill were dismissed without prejudice.

On May 19, 1970, plaintiffs filed the case now before the Court against defendant, as the husband of Shirley Wilhite, to recover fees due for services rendered Shirley Wilhite in the divorce action on the ground such legal services were "necessaries" justifying Shirley Wilhite pledging the credit of defendant in order to secure same. To this action a demurrer was filed and sustained on the ground the allegations in this bill did not state a cause of action.

In *Greggory v. Greggory,* 1 Tenn.App. 570 (1925), the wife brought suit against her husband seeking support for herself and their children. The gist of the bill was that the wife and children were destitute while the husband had means for their necessary support but failed or refused to provide such. The husband induced the wife to sign an agreement whereby he agreed to furnish her and the children their necessary support and the wife's bill was dismissed. Attorneys employed by the wife to file her petition then filed their petition to have the court fix a reasonable attorneys' fee, which petition was treated as an original bill against the husband. The

Court held the husband liable for his wife's attorneys' fees and in the course of the opinion quoted from 30 C. J. Husband and Wife secs. 147, 155 and 153, as follows:

"The authorities are in conflict, as to whether legal services rendered the wife are necessities for which the husband is liable. They are in conflict not only as to the general rule but also as to its application to legal services rendered in particular classes of cases." Id., sec. 147.

"Where the husband without good cause deserts the wife and fails to furnish her with such support as his means will warrant, the services of attorneys in instituting and prosecuting a statutory suit or proceeding to compel the husband to maintain the wife becomes an immediate necessity of the wife for which the husband is liable as much as he would be for necessary food or clothing purchased by the wife on the husband's credit." Id., sec. 155.

"Where it appears that a suit for judicial separation or divorce a mensa et thoro, is for the protection and support of the wife, and the conduct of the husband is such as to render its institution and prosecution reasonable and proper, or, in other words, where the suit is reasonably and justifiably instituted, the wife's attorney may recover, in an independent action against the husband, for his services." Id., sec. 153. 1 Tenn. App. at 573.

In *Haynes v. Haynes,* 192 Tenn. 486, 241 S.W.2d 540 (1951), the wife brought suit against her husband for separate maintenance and later amended to pray for an absolute divorce. The gist of the action was that the husband, although financially able to provide for the wife

and their infant child, had failed or refused to do so. Following the filing of the original petition and amendment thereto the parties were reconciled and the wife's petition dismissed. Whereupon the attorney employed by the wife to file her petition then filed his petition to recover attorneys' fees from the husband for services rendered the wife. This cause then came to this Court as a discretionary appeal after the overruling of a demurrer. This Court held, under these circumstances, there could be a recovery with the right to recover depending upon whether or not the wife was justified in pledging her husband's credit in order to secure legal assistance. In the course of this opinion the Court quoted from Schouler Divorce Manual, Section 237, as follows:

> "Whether a wife can pledge her husband's credit for legal services depends as in case of other necessaries on the facts and circumstances. If the wife is wilfully living apart from the husband without his fault, she may have forfeited her right to pledge his credit for necessaries. Where this condition does not exist, the husband may be liable for reasonable counsel fees that are reasonably necessary for the wife's protection." 192 Tenn. at 490-491, 241 S.W.2d at 542.

There is an element in *Haynes v. Haynes,* supra, we think we should note. The wife in her petition admitted her husband had provided or attempted to provide her an income from rent of a building in the monthly amount of $638.89, but the record, as brought to this Court, did not show whether she had ever received any of this income nor to what extent it was adequate for her support. The cause being here on demurrer, the Court accepted as true the allegation the husband abandoned the wife and child with nothing to maintain themselves. The fact

of this rental income, if received, could have been a factor in determining upon remand if the wife was justified in pledging the husband's credit to secure legal assistance.

The case of *Levine v. Raymond*, 3 A.D.2d 36, 157 N.Y.S. 2d 799 (1956), involved a similar situation to the case at bar and the Court said:

I think, from this collation of the decided cases, it may fairly be said that the weight of American authority is in favor of the maintenance of an action like the present. To succeed in it, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. This latter rule as to the quantum of proof required is the corollary of the element of proof required of the tradesman or other furnisher of necessaries than when husband and wife do not live together, it is part of the plaintiff's affirmative case to offer proof that the wife was not suitably provided for and that the separation was not due to the fault of the wife.

In the case at bar the petition filed by plaintiffs alleges Shirley Wilhite at the time she employed plaintiffs was "without counsel representing her in said divorce cause and needing same therein for her and her said minor children's protection and relief." The bill further alleges in detail the services plaintiffs performed for Shirley Wilhite and that payment has not been made for said services.

The bill for divorce filed by Shirley Wilhite, if true, reflects the following facts: That upon this marriage

Shirley quit attending college to go to work in order that defendant would be able to complete his medical education. Defendant is now a thoracic and cardiovascular surgeon. That defendant has been guilty of numerous acts of physical and mental cruelty toward his wife, including a threat that defendant could easily have her committed to a mental institution. It is also alleged that defendant has been guilty of adultery. That with the exception of a home held by the entireties, the property of the parties is held in the name of the defendant. To support the issuance of the temporary restraining order, Shirley Wilhite alleged she was nervous, upset and unable to defend herself.

The cross-bill filed by the defendant also makes serious charges against Shirley Wilhite.

The case at bar is controlled by the holding in *Haynes v. Haynes,* supra. In the case at bar, as in *Haynes,* the trial court will have to make a determination whether, under all the circumstances, Shirley Wilhite was justified in pledging defendant's credit when she employed plaintiffs.

In the case at bar there is a circumstance similar to the monthly rental the husband in *Haynes v. Haynes,* supra, agreed to pay his wife, referred to above in this opinion. Under this record Shirley Wilhite was awarded $900.00 monthly for alimony and child support pendente lite, and her attorney at the time was awarded $200.00 pendente lite. Under this record here on demurrer we do not know if these sums have or have not been paid. This is one of the circumstances to be considered bearing on the ultimate decision.

The judgment is reversed and the case remanded for a hearing on the merits.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.