**Kenneth Marshall SEATON et al., Appellants,**

**v.**

**Barbara Ellen SEATON, Appellee.**

Supreme Court of Tennessee.

Nov. 12, 1974.

John D. Lockridge, Knoxville, for appellants.

R. B. Hailey, Ronald E. Sharp, Hailey, Waters, Jarvis & Sykes, Sevierville, for appellee.

## OPINION

HARBISON, Justice.

In this case appellant assigns as error action of the chancellor in awarding certain suit expenses and supplemental counsel fees to his wife in a divorce action because these items were not prayed for in the pleadings. The case is before us solely on the technical record, there being no affidavits of counsel or other evidentiary materials contained in the record. There is a one-page document, entitled "Bill of Exceptions" signed by counsel for all parties and by the chancellor, affirmatively reciting that there had been no testimony in the cause.

An examination of the record reveals that the wife, appellee here, filed her petition for separate maintenance or bed and board divorce on July 13, 1973. The petition contains prayers for counsel fees and for general relief. There were no responsive pleadings filed by the husband, appellant here. A notice was filed by counsel for the wife to the effect that they would seek an order allowing alimony pendente lite and interim counsel fees, but no action of the Court on this application appears in the record. On September 28, 1973 an order of dismissal was entered, signed by counsel for the wife and by the chancellor, reciting that the parties had become reconciled. In this order the chancellor did undertake to fix counsel fees and to award certain suit expenses against both the husband and the wife. The order recites that notice had been given to the parties of a hearing to be held on the date of the entry of the decree, but this notice is not in the record. Whether any sort of hearing was held does not appear, but the Court did undertake to fix an amount of counsel fees which he found to be reasonable. He further awarded counsel reimbursement for filing fees advanced by them and directed the parties to pay certain expenses allegedly incurred on behalf of the wife for a detective agency.

Subsequent to the entry of the above decree, counsel appeared for the husband and filed a motion to set aside so much of the dismissal order as required him to pay counsel fees. The motion alleged that the Court could not award counsel fees in an order of compromise and dismissal, and further alleged that the defendant was not

liable for the costs of the detective agency. It further stated that the defendant had no notice of the prior proceedings.

On January 2, 1974 a decree was entered overruling the motion of the husband and finding that the previous award was proper. In addition the chancellor allowed a small supplemental fee of $100.00 to counsel for the wife for services relative to the additional hearings since the parties had become reconciled. From the latter order the husband has duly perfected an appeal to this Court.

As stated previously, however, the assignments of error made in this Court are quite limited. There appears to be no complaint of the amount originally allowed counsel for their actual services. The sole complaint deals with the allowance of suit expenses and supplemental counsel fees.

It is our opinion that the pleadings were amply broad to embrace suit expenses as well as counsel fees, and that the chancellor was within his authority in allowing these. It is further our opinion that the chancellor had discretion to allow supplemental fees to counsel for the wife upon the further hearing, if these were necessary and proper services rendered on behalf of the wife or children.

The state of the record is such that we cannot say that the chancellor abused his discretion and authority in the actions taken. The procedure followed was, however, to say the least, somewhat unusual. Ordinarily, in the absence of a bill of exceptions, this Court would presume that there was ample evidence to support the action of the trial judge, where no abuse of discretion appears on the face of the technical record. Marmino v. Marmino, 34 Tenn.App. 352, 238 S.W.2d 105 (W.S. 1950). In this case, however, there affirmatively appears in a document authenticated by the chancellor a recital that no testimony was heard in the cause. It is this feature of the case which has given us concern.

Earlier authorities in the state were to the effect that when a wife voluntarily dismissed her divorce action, the husband could not thereafter be charged with counsel fees or suit expenses. See Thompson v. Thompson, 40 Tenn. 527 (1859); Carden v. Carden, 37 S.W. 1022 (Tenn.Ch.App. 1896); Wagner v. Wagner, 8 Tenn.C.C.A. (Higgins) 254 (1917).

Later cases have held that when a wife voluntarily dismisses her divorce suit, her counsel may file a separate petition or action against the husband for fees and other necessary expenses incurred in the litigation by the wife or dependent children. Haynes v. Haynes, 192 Tenn. 486, 241 S. W.2d 540 (1951); Law v. Wilhite, 225 Tenn. 415, 470 S.W.2d 8 (1971).

No such procedure was followed in the present case. There is neither a petition filed by counsel for the wife detailing their services, nor affidavits outlining the same. This is also true with respect to the matter of the fees of the detective agency. Further, as stated previously, in his motion filed in the trial court the husband stated that he had no notice of the application for these items. Had he pursued and properly documented the grounds of this motion in this Court, we would be inclined to remand the cause for an evidentiary hearing on these matters, to require proof of the reasonableness and necessity for the expenses incurred.

The only assignments of error here, however, are to the effect that the pleadings are not broad enough to embrace a part of the relief allowed by the chancellor. We find these assignments of error to be without merit and they are overruled.

In the brief filed by counsel for appellee, an application is made for further counsel fees to the wife for services rendered in the appeal of this cause. That the courts have authority to award counsel fees for such additional services is clear. Taylor v. Taylor, 144 Tenn. 311, 232 S.W. 445 (1921). The considerations to be tak-

en into account by the chancellor in fixing additional fees subsequent to an appeal and the procedure to be followed are discussed in the case of Folk v. Folk, 210 Tenn. 367, 357 S.W.2d 828 (1962).

The cause will be remanded to the trial court for determination of the supplemental fees to be allowed counsel for the appellee for their services in this Court. The costs of this appeal are adjudged against the appellant.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.