IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2002 Session

## GALE EMERSON v. ROBERT EMERSON, III

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 90DR0532      Hon. W. Neil Thomas, III., Circuit Judge**

FILED SEPTEMBER 23, 2002

**No. E2001-02835-COA-R3-CV**

In this post-divorce action, the Trial Court ordered an increase in child support and ordered the father to pay 85% of the son's private school tuition. On appeal, the father insists the Trial Court was without jurisdiction to entertain the petition, and the proof did not support the increases ordered by the Trial Court. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Thomas Crutchfield, Chattanooga, Tennessee, for Appellant.

Michael R. Campbell, Chattanooga, Tennessee, for Appellee.

**OPINION**

In this post-divorce action, the Trial Court ordered an increase in child support and ordered the father to pay 85% of the son's private school tuition. On appeal, the father insists the Trial Court was without jurisdiction to entertain the petition, and the proof did not support the increases ordered by the Trial Court.

The action is based on a divorce decree entered in the Hamilton County Circuit Court in 1990, which incorporated by reference a Marital Dissolution Agreement ("MDA"). The MDA provided that the mother was to have custody of the parties' minor daughter and son, and that the wife has the right to move from Tennessee to her former home in Dallas, Texas, provided the Hamilton County Court would retain jurisdiction over the issue of child support. The MDA stated

the husband's child support obligation would be $1,200 per month, and the husband would assume the responsibility for paying for the children's college education, with certain conditions.

In 1991, the Trial Court modified the decree to allow the husband additional weeks of visitation in the summer, as well as visitation during the week of spring vacation. The father was ordered to pay $1,500.00 to the wife for her travel expenses and attorney's fees.

In October 2000, the mother filed a Complaint to Modify alleging the father's income had increased substantially, and thus asked the Court to increase the child support obligation. Husband filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(1), alleging the Hamilton County Court lacked subject matter jurisdiction. He attached a copy of the court record from Texas regarding the parties' minor son. The Texas court documents show that a trial was held in Texas where both parties appeared, and that the Texas court found that it had jurisdiction over the issue. The Texas court held that custody of the son would remain with the wife, and that the provisions of the MDA and Final Decree from Hamilton County "shall remain in full force and effect."

In response, the mother offered a copy of a pleading filed by the father in the Texas court, where he had asserted that the Texas court lacked subject matter jurisdiction to modify child support, and that Tennessee had exclusive, continuing jurisdiction to do so.

The Trial Court then entered an Order finding that Tenn. Code Ann. §36-5-2205(b) did not afford a basis to remove jurisdiction of this action from Tennessee. Husband then filed an Answer, and a Motion to Stay Proceedings, asking the court to stay the matter until the pending custody litigation in Texas was resolved. The Trial Court then entered an Order finding that a custody modification action was pending in Texas, but it was not set for hearing, and denied husband's Motion to Stay, but stated that any child support order would be subject to revision if the Texas court altered the custody arrangement.

At trial, the court found that the mother and the children were living in Dallas, and that the mother worked as a Director of Children's Ministry in the Presbyterian Church, and earned approximately $37,000.00 in 2000. The Court found the parties' minor son was in school at the Dallas Academy, and that his tuition for the previous year was $9,500.00, which was entirely paid by the mother. The Court found the parties' daughter had graduated from high school, and was attending Baylor University.

The Court further found that the father received $4,000.00 per month in base salary, and that he also received a year-end bonus. The Court found that for the years 1998-2000, the father's average wages were $200,000.00, and that average dividends were $2,700.00, and capital gains averaged $29,633.00 for that same period. The Court found that a gross annual income of $202,700.00 should be used for purposes of calculating child support, and that since capital gains were generally non-recurring, they should only be included in the calculation of child support for October 2000 to May 2001. Thus, the Court based husband's child support obligation on an average monthly income of $19,336.00 for the period of October 2000 to May 2001, and used an average

monthly income of $16,892.00 for the remainder. The Court held that the child support obligation pursuant to the guidelines would be $3,237.00 per month for October through May, and $2,124.00 otherwise. The Court further ordered husband to pay 85% of the son's private school tuition, as well as a portion of the mother's attorney's fees.

The wife was awarded $4,096.46.00 for attorney's fees and expenses, and this appeal ensued.

Issues on appeal are:

1.      Whether the Tennessee court had jurisdiction to increase child support?

2.      Whether the proof supported an increase?

3.      Whether the Court erred in requiring husband to pay 85% of the son's private school tuition?

Husband argues the Court was without jurisdiction to modify the child support award. Both parties seem to agree that the controlling statute is Tenn. Code Ann. §36-5-2205,[1] which states as follows:

> (a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child-support order:
>
> (1) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
>
> (2) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.
>
> (b) A tribunal of this state issuing a child-support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to parts 20-29 or a law substantially similar to parts 20-29.
>
> (c) If a child-support order of this state is modified by a tribunal of another state pursuant to parts 20-29 or a law substantially similar to parts 20-29 a tribunal of this

---

[1] This statute is part of the Uniform Interstate Family Support Act, which was enacted to curtail the problem of competing support orders entered by different states, and thus its intent is to "recognize that only one valid support order may be effective at any one time." *LeTellier v. LeTellier,* 40 S.W.3d 490 (Tenn. 2001).

state loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this state, and may only:

(1) Enforce the order that was modified as to amounts accruing before the modification;

(2) Enforce nonmodifiable aspects of that order; and

(3) Provide other appropriate relief for violations of that order which occurred before the effective date of the modification.

(d) A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child-support order pursuant to parts 20-29 or a law substantially similar to parts 20-29.

The record establishes that Tennessee is the residence of the father, the obligor, and that Tennessee has continuing jurisdiction under the statute. The father asserts, however, that Tennessee lost jurisdiction under subsection (b) because the child support order was modified by the Texas court.

The record from the Texas proceeding shows that the Texas court did not modify the child support order entered in this state. The Texas Orders clearly state that the Final Decree and MDA entered in Tennessee are in full force and effect, and state that the husband is to continue paying support pursuant to same. There is nothing in the Orders to indicate that the Texas court even considered the issue of child support, and there were no findings in the Orders regarding the same. Moreover, the husband took the position in the Texas proceedings that Texas had no jurisdiction with regard to the child support issue. Accordingly, Tennessee has continuing jurisdiction over the issue of child support, pursuant to the Uniform Interstate Family Support Act (which has been implemented in Texas as well as Tennessee).

The husband argues that the award of child support was improper because there was no showing of significant change since the Texas court "modified" child support in 1999. However, we have noted the Texas court never modified the child support, or made any findings regarding the same. The Texas Court simply ordered the MDA would be enforced and never made any findings and obviously took no evidence on the husband's earnings in 1999.

We find this argument to be without merit.

Finally, the father asserts that the Trial Court erred in ordering him to pay 85% of his son's private school tuition in addition to the child support ordered. He argues that the parties' MDA addresses the child support obligation, but pretermitted the issue of paying for private schooling, and that such a requirement cannot be added to the MDA because it is a contract which the parties negotiated.

-4-

The father concedes that in the case of *Barnett v. Barnett,* 27 S.W.3d 904 (Tenn. 2000), the Court found that once the obligor's child support duty was calculated pursuant to the guidelines, the trial court was then to consider whether an upward deviation was required for extraordinary educational or medical expenses. The Court stated:

> The guidelines' use of the word "shall" leaves a trial court no discretion in adding extraordinary educational expenses to the obligor's computed percentage. *See, e.g., Louisville & Nashville R. Co. v. Hammer*, 191 Tenn. 700, 236 S.W.2d 971, 973 (1951) (holding use of "shall" in statute requires mandatory compliance). We conclude that: 1) the guidelines contemplate private school tuition to be an "extraordinary educational expense" because the tuition exceeds or departs from the cost of public schooling; and that 2) the amount of the expense must be added to the obligor's percentage of child support computed under the guidelines.

*Id.* at 907. The Court explained that while the "addition of private school expenses is mandated, the guidelines do permit deviations." *Id.* at 907. The Court reasoned that "if the equivalence or disparity in net incomes of the parties would make the allocation of all of the extraordinary expense to the obligor 'unjust or inappropriate' in a particular case, the presumption of correctness of the amount of support required by the application of the guidelines may be rebutted." *Id.* The Court in that case found the husband should pay guideline support plus the child's private school tuition, due to his significantly greater earning capacity.

In this case, there was no demonstration that the application of the guidelines would be unjust or inappropriate - in fact, the parties' incomes in this case are similar to the income of the parties *Barnett.* We conclude that the Trial Court correctly determined the child support obligation and appropriately obligated the father with a major portion of the child's extraordinary educational expenses. The presumption that the guidelines should apply was not rebutted. However, the husband argues that the requirement to pay the private school tuition could not be "added" to the parties' agreement because that portion of the MDA could not be modified, citing *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975). The father contends that the parties did not provide for this obligation in the MDA, and because it is not in the nature of basic guideline child support, then the parties' contract may not be altered.

*Barnett,* however, demonstrates otherwise, because *Barnett* held that private school tuition is a necessary component of guideline child support, and thus can be added to the obligor's duty. The Court stated that guideline support plus extraordinary educational expenses was to be considered the "total child support award" to be applied, unless the result would be unjust or inappropriate.

The mother argues this Court should award her the total amount of her attorney's fees sought at the trial court level, as well as her fees incurred on appeal. At the trial court level, wife was awarded one-half of her attorney's fees and expenses. The trial court has discretion in determining whether a fee award is proper, and "this court will not interfere with the trial judge's decision unless

the evidence preponderates against it." *Sannella v. Sannella*, 993 S.W.2d 73, 77 (Tenn. Ct. App. 1999). We affirm the Trial Court's award of attorney's fees.

As to fees on appeal, it is appropriate to award the mother her reasonable attorney's fees for protecting the child support award in her favor. *See* Tenn. Code Ann. §36-5-103(c); *Seaton v. Seaton*, 516 S.W.2d 91 (Tenn. 1974). *Also see, Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. Ct. App. 1992)("requiring parents who precipitate custody or support proceedings to underwrite the costs if their claims are ultimately found to be unwarranted is appropriate as a matter of policy.")

The Judgment of the Trial Court is affirmed and the cause remanded to determine reasonable attorney's fees for the mother for legal expenses incurred on appeal.

The costs are assessed Robert Emerson, III.

_____
HERSCHEL PICKENS FRANKS, J.