IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2003 Session

## DENICIA GAY BULLION WILLS v. RUSSELL BOYD WILLS

**Direct Appeal from the Circuit Court for Sumner County**
**No. 20675-C      C. L. Rogers, Judge**

_____

**No. M2002-02167-COA-R3-CV - Filed September 25, 2003**

_____

This case involves an appeal from an order of the trial court modifying the father's child support obligation and denying the father's request for change of custody. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part;**
**Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Joseph Y. Longmire, Jr., Hendersonville, Tennessee, for the appellant, Russell Boyd Wills.

Paul A. Rutherford, Nashville, Tennessee, for the appellee, Denicia Gay Bullion Wills.

**OPINION**

Russell Wills (Mr. Wills) and Dencia Wills (Ms. Wills) divorced in December of 1993. Pursuant to the divorce decree, the trial court awarded custody of their two sons to Ms. Wills while Mr. Wills was allowed visitation and ordered to pay child support in the amount of $120.00 per week.

In 2001, Mr. Wills petitioned for a change in custody. As part of the same proceeding, the court adopted a permanent parenting plan submitted by Ms. Wills. The adopted plan denied any change in custody and increased Mr. Wills' child support obligation to $175.81 per week.

In March 2002, Ms. Wills petitioned the trial court to find Mr. Wills in contempt for failing to pay his child support arrearage and requested an award for attorney's fees incurred in obtaining such child support. In Mr. Wills' answer to the contempt petition, he counter-filed making another request for change of custody. Ms. Wills subsequently amended her petition and sought an increase in child support.

The trial court denied Ms. Wills' contempt request because, prior to trial, Mr. Wills paid his child support arrearage. In support of Ms. Wills' amended petition for increased child support, Ms. Wills offered evidence of Mr. Wills' income, $25,000, and Mr. Wills' present wife's income, $60,000, based on their tax returns for the 2001 fiscal year. At trial, Mr. Wills testified that his and present wife's jointly owned electrical business, Wills Electric (Business), generated the $85,000 household income. In addition, Mr. Wills testified that it was his present wife who determined how to allocate their respective salaries. The trial court found the income structure of Mr. Wills and his present wife not credible. As a result, the court imputed $60,000 of the household income to Mr. Wills and used that amount in determining Mr. Wills' child support obligation of $267.23 per week. The trial court refused to award Ms. Wills her reasonable attorney's fees incurred in seeking a modification of child support.

In support of Mr. Wills' petition for change of custody, he alleged that his impending move to Montana presented a material change of circumstances warranting a comparative fitness analysis. In the trial court's final order entered August 7, 2002, the court found Mr. Wills' plans to move as purely speculative. Accordingly, the trial court determined that there had been no material change of circumstances to warrant a change of custody. It is from this order of the trial court that this appeal arises.

**Issues Presented**

Mr. Wills raises the following issues for review by this Court:

1.      Did the trial court err in determining future child support obligation of Mr. Wills based upon the evidence in the record.

2.      Did the trial court err in finding no material change of circumstances had occurred since the last order of custody thus not considering a change in the residential parent for the minor children.

Ms. Wills raises the following additional issues for review by this Court:

1.      Whether the trial court erred in failing to award Ms. Wills her reasonable attorney's fees?

2.      Whether Ms. Wills should be awarded attorney's fees for this appeal?

**Standard of Review**

Our review of a trial court's conclusions on issues of law is *de novo*, with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). Our review of a trial court's finding on issues of fact is *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Kendrick*, 90

S.W.3d at 569. Where the trial court makes no specific findings of fact on a matter, we must review the record to determine where the preponderance of the evidence lies and accord no presumption of correctness to the conclusion of the court below. *Kendrick*, 90 S.W.3d at 569.

## Child Support Modification

Mr. Wills asserts that it was error for the trial court to impute $60,000 as his 2001 income rather than the $25,000 found in that year's tax return. Mr. Wills relies upon the holding of *Mitts v. Mitts* in arguing that the retained corporate earnings of Mr. Wills and his present wife should not be considered in his child support obligation when "the obligor is a minority shareholder and thus lacks control over the distribution of the corporation's income." *Mitts. v. Mitts*, 39 S.W.3d 142, 148 (Tenn. 2000). The rationale underlying the *Mitts* decision was the ability of the obligor to control the reported income that one receives from the corporation. *See id.* The court noted that in cases where the obligor can control the salary one receives, the court has held that the corporation's retained earnings may be considered in determining one's child support obligation. *Id.* (citing *Sandusky v. Sandusky*, No. 01A01-9808-CH-00416, 1999 WL 734531, at *4 (Tenn. Ct. App. Sept. 22, 1999) (*no perm. app. filed*)). The reasoning behind considering the income under the obligor's control is to prevent the obligor from hiding income available for their child support obligation. *Id.* (quoting *Sandusky*, 1999 WL 734531, at *4). However, when the obligor is a minority shareholder with no control of income distribution, the concern for potential manipulation by the obligor dissipates, freeing the court from considering the corporation's retained earnings. *See id.*

In *Mitts*, the obligor owned 9.44% interest in the business. *Mitts*, 39 S.W.3d at 148 n.2. The distribution of income was vested in the majority shareholder, his father. *Id.* From these facts, the court found that the obligor had no ability to control income distribution and as a result there was no threat of income manipulation. *Id.* at 148.

The facts of the present case are readily distinguishable from *Mitts*. Here, Mr. Wills and his present wife are co-owners of the business, owning 49% and 51% respectively. Mr. Wills is a skilled master electrician while his present wife has no electrical knowledge and performs clerical and administrative duties for the business. It is hard to imagine that Mr. Wills would not have the ability to control the amount of income that he receives from the business. Unlike *Mitts*, this relationship between the obligor, majority shareholder, and business is ripe for income manipulation. In its final order, the trial court stated:

> With regard to child support, this is troubling in that the Court is of the opinion that Mr. Wills and his current wife are not credible or believable as to their income structure or claims. . . . The Court is of the opinion that the income is generated through the efforts, knowledge, and skills of Mr. Wills, an electrician, with the Court not buying the theory that they are both in this as equal partners and trying to assign all sorts of income to the Wife who stays at home, but supposedly sometimes claims to help in the business.

Trial courts are in the best position to "observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility." *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999) (citing *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990)). Accordingly, we will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. *Id.* The evidence in this case does not run contrary to the trial judge's assessment of the witnesses. We affirm the trial court's determination to impute $60,000 of the Wills' $85,000 household income to Mr. Wills' in calculating the child support obligation of $267.23 per week.

## Material Change of Circumstances

A valid child custody order may be modified where a material change of circumstances has occurred such that a change of custody is in the best interest of the child. *Rial v. Rial*, No. M2002-01750-COA-R3-CV, 2003 Tenn. App. Lexis 553, at *2 (Tenn. Ct. App. Aug. 7, 2003) (citing *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003)). Thus the court must utilize a two-part test in determining whether a change of custody is warranted. *Id.* First, it must determine whether a material change of circumstances has occurred that affects the child's well being. *Id.*; *Kendrick,* 90 S.W.3d at 570. Second, if it finds a material change of circumstances, the court must utilize the factors enumerated in Tenn. Code Ann. § 36-6-106 to determine whether a change of custody is in the best interests of the child. *Id.* (citing *Cranston*, 106 S.W.3d at 644).

The Tennessee Supreme Court has observed that no "bright-line" rule exists for determining whether a material change has occurred. *Id.* However, the court has identified several considerations including 1) whether a change has occurred subsequent to the order from which modification is sought; 2) whether such a change was not known or reasonably anticipated when the order was entered; 3) whether the change is one which affects the child in a "meaningful" way. *Id.* (citing *Kendrick*, 90 S.W.3d at 570; *Blair v. Badenhope*, 77 S.W.3d 137, 150 (Tenn. 2002)). Absent from these considerations is the requirement that the change must pose a threat of substantial harm to the child in order to justify a change of custody. *Id.* As Mr. Wills points out, the trial court incorrectly required that the current custody causes or will cause substantial harm to the children for a material change in circumstance to be found. Rather, Tenn. Code Ann. § 30-6-101 (a)(2)(B) (2001 & Supp. 2002) states "[a] material change in circumstance *does not require* a showing of a substantial risk to the child" (emphasis added). Despite this error, the trial court's finding of no material change of circumstances is a finding of fact which we will review *de novo* accompanied by a presumption of correctness. Upon reviewing the record, the evidence does not preponderate against the trial court's finding that Mr. Wills' plans to move to Montana was purely speculative. As heretofore noted, the trial court found Mr. Wills' credibility to be lacking. Accordingly, we affirm the trial court's finding of no material change of circumstances, thereby eliminating any need for a comparative fitness analysis.

**Attorney's Fees**

Tenn. Code Ann. §36-5-103(c) (2001) provides, in pertinent part:

(c)     The plaintiff spouse may recover from the defendant spouse . . . reasonable attorney fees incurred in enforcing any decree for alimony and/or child support.

While the record demonstrates that Mr. Wills paid his child support arrearage, the payment was made only after Ms. Wills petitioned the court to find Mr. Wills in contempt for such arrearage. Upon review of the record, we believe that it establishes a proper basis for an award of reasonable attorney's fees. Accordingly, we reverse the trial court's denial of Ms. Wills' request for attorney's fees incurred in enforcing the permanent parenting plan.

Ms. Wills has also asked this court for an award of attorney's fees incurred on this appeal. It is clear that, if proper, courts have the authority to award additional attorney's fees incurred on appeal. *Seaton v. Seaton*, 516 S.W.2d 91, 93 (Tenn. 1974). The record establishes a proper basis for an award to Ms. Wills of her reasonable attorney's fees incurred on appeal. *Thomas v. Thomas*, No. E1999-00563-COA-R2-CV, 2000 WL 276886, at *2 (Tenn. Ct. App. March 15, 2000) (*no perm. app. filed*). We remand to the trial court for a determination of the amount of reasonable attorney's fees.

**Conclusion**

We affirm the trial court's modification of Mr. Wills' child support obligation and denial of Mr. Wills' petition for change in custody. We reverse the trial court's denial of Ms. Wills' request for attorney's fees incurred in enforcing the permanent parenting plan and remand to the trial court for a determination of the attorney's fees incurred on appeal. Costs of this appeal are taxed to the appellant, Russell Boyd Wills, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE