# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 30, 2005 Session

## MICHAEL EDWARD ORT v. LORA JEANETTE ORT

**Direct Appeal from the Chancery Court for Gibson County**
**No. 16499      George R. Ellis, Chancellor**

---

**No. W2005-00833-COA-R3-CV - Filed January 5, 2006**

---

This is a divorce case. Husband appeals the trial court's division of marital property, award alimony in futuro to Wife, naming of Wife as primary residential parent, and child support order.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

David E. Caywood and C. Timothy Crocker, Milan, Tennessee, for the appellant, Michael Edward Ort.

Mary Jo Middlebrooks and Betty Stafford Scott, for the appellee, Lora Jeanette Ort.

### MEMORANDUM OPINION[1]

      This is a divorce action. Michael Edward Ort (Dr. Ort) and Lora Jeanette Ort (Ms. Ort) were married in 1987.  Four children were born of the marriage.  At the time of the hearing of this matter in April 2004, Dr. Ort was 41 and Ms. Ort was 39 years of age.  Dr. Ort earned his medical degree during the course of the marriage, and is employed by West Tennessee Healthcare as an emergency room doctor.  Ms. Ort has a degree in Biology and completed two years of medical school.  She has

---

[1]RULE 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

      This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

been a stay-at-home mother since 1991, when the parties' eldest child was born. The parties agree that they both decided it would be best for Ms. Ort to stay at home.

In January 1992, while Ms. Ort was expecting the parties' second child, the parties were in a serious car accident while Dr. Ort was driving. Ms. Ort suffered multiple injuries, including a brain stem tear and brain bleeding, and was in a coma for one month. She successfully delivered the child in July 1992. The family then relocated to Texas, where they had no family and where Dr. Ort worked extremely long hours in a family residency program.

In 1994, Dr. Ort told Ms. Ort about his first extramarital affair. The parties moved back to Tennessee in 1995. Dr. Ort had a second affair in 1999. The parties entered counseling, but Dr. Ort admitted to continuing the affair while in counseling.

Dr. Ort filed a complaint for divorce on June 2, 2003. In his complaint, he alleged that Ms. Ort was unable to appropriately care for the minor children or to safely operate a vehicle. He prayed for an absolute divorce based on inappropriate marital conduct or irreconcilable differences, to be designated primary residential parent, an equitable division of property, and attorney's fees and costs. Dr. Ort also prayed the court to issue a restraining order that limited Ms. Ort's driving to daylight hours and to a vehicle with no more than two passengers, and which prohibited her from eating, drinking, or talking on a cell phone while driving during the pendency of this cause. The trial court granted the temporary restraining order as prayed for by Dr. Ort on the same day.

Ms. Ort answered and counter-complained on June 9. In August 2003, the trial court lifted the restraining order following Ms. Ort's completion of an occupational therapy evaluation of her driving skills. Dr. Ort dismissed his complaint in September 2003, and filed an answer and counter-complaint to Ms. Ort's counter-complaint on April 1, 2004. Ms. Ort answered on April 6, 2004.

The trial court heard this matter on April 6, 2004. In its April 6 order, the trial court ordered the parties to undergo a custodial psychological evaluation, and the parties agreed on an evaluation by Dr. Robert W. Kennon (Dr. Kennon). On March 2, 2005, the trial court issued findings of fact and a final decree of divorce. The trial court awarded Ms. Ort a divorce on the grounds of adultery and, after consideration of the factors enunciated in Tennessee Code Annotated § 36-6-106, found it was in the best interest of the children that Ms. Ort be named primary residential parent. The trial court found the division of marital property as proposed by Ms. Ort was equitable and divided the parties' property accordingly. The trial court also found Ms. Ort was economically disadvantaged relative to Dr. Ort and awarded Ms. Ort alimony *in futuro* of $2,280 per month and attorney's fees and cost as alimony *in solido*. It ordered Dr. Ort to pay child support in the amount of $4,493 per month in accordance with the child support guidelines. Dr. Ort filed a timely notice of appeal to this Court.

### *Issues Presented*

Dr. Ort presents the following issues for our review, as we slightly re-state them:

(1)     Whether the trial court erred in naming Ms. Ort primary residential parent where the court made several findings and conclusions in the final decree that are not supported by the evidence at trial and where it failed to properly consider Dr. Kennon's evaluation.

(2)     Whether the trial court erred in its determination of Dr. Ort's child support obligation.

(3)     Whether the trial court erred in awarding Ms. Ort alimony *in futuro*.

(4)     Whether the trial court erred in the division of marital property.

Ms. Ort requests an award of attorney's fees and costs incurred for this appeal.

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).
Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

### *Analysis*

We first consider whether the trial court erred by naming Ms. Ort primary residential parent. Dr. Ort's argument, as we perceive it, is that Ms. Ort is less capable than he of caring for the children because of memory and judgment problems resulting from injuries sustained in the 1992 car accident; that he is better able to control and discipline the children; that Ms. Ort has driving difficulties; and that the trial court failed to consider Dr. Kennon's evaluation insofar as it assessed Dr. Ort's strengths. Ms. Ort, on the other hand, contends she has always been the primary care-taker of the children; that she has passed five driving evaluations; and that the only serious accident the parties have been involved in occurred while Dr. Ort was driving. She submits that the psychological evaluation performed by Dr. Robert Kennon concluded that she demonstrated no psychological or emotional difficulties that would impede her ability to care for the children. She further points out that at trial, a witness who also is the mother of four children testified that Ms. Ort "has the children under control as much as any mother that has four children."

We review the trial court's determination of child custody under an abuse of discretion standard, affording the trial court great deference. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). This Court will not interfere with the trial court's determination absent a palpable abuse of discretion or unless the judgment is against the great weight of the evidence. *Id.* at 386. This deferential review is premised on the assumption that the trial court first considered the best interests of the child in making the custody determination and did not act arbitrarily. *Id.* In making a custody determination, the trial court must engage in a comparative fitness analysis of the parents. *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App.1996). In so doing, it must consider the factors outlined by the legislature as codified at Tenn. Code Ann. § 36-6-106. *Id.* Custody determinations are thus based on a combination of subtle factors, and require a factually based inquiry. *Id.* The trial court is in the best position to weigh the facts presented to it, and to assess the credibility of the parties. *Id.* Similarly, the details of visitation arrangements are within the discretion of the trial court. *Hogue v. Hogue*, 147 S.W.3d 245, 251 (Tenn. Ct. App.2004). Although the trial court's discretion is not without limit and its determinations must be based on the evidence and appropriate legal principles, we will not disturb the trial court's determinations absent an abuse of discretion. *Id.*

Upon review of the record of this case, we find no abuse of discretion in the trial court's naming of Ms. Ort as primary residential parent. Although Dr. Kennon's evaluation stated that although Ms. Ort had "chronic yet stable difficulty with short term memory as a result of her head injury . . . . [f]indings of this examination suggested fairly normal neurocognitive functioning." Dr. Kennon also stated that Ms. Ort's "[s]tream of thought was logical and clear . . . she exhibited no bizarre thoughts . . . . [i]nsight into her own functioning was relatively good." Clearly, Ms. Ort has suffered on-going injury as a result of the 1992 car accident. However, the record does not demonstrate that she is unable to care for the parties' children. We affirm on this issue.

We next turn to whether the trial court erred in determining Dr. Ort's child support obligation. Dr. Ort contends the trial court erred by failing to utilize the child support guidelines based on the income shares model which were in effect at the time the final order was entered in March 2005. The revised child support guidelines went into effect in January 2005, and this matter was heard by the trial court in April 2004. The trial court generally will apply the statute in effect at the time of the hearing. *Redmond v. Hunt*, No. W2004-00127-COA-R3-JV, 2004 WL 2848385, at *4 (Tenn. Ct. App. Dec. 10. 2004)(*no perm. app. filed*)(citing *Connell v. Connell*, No. 03A01-9808-CV-00282, 2000 WL 122204, at *3 (Tenn. Ct. App.Jan. 25, 2000)(holding: trial court properly applied provisions of Tennessee Code Annotated § 36-6-108 which went into effect one day before hearing)). Thus, the trial court did not err by utilizing the child support guidelines in effect in April 2004. We affirm the child support award.

Dr. Ort also submits that the trial court erred by awarding Ms. Ort alimony *in futuro* and that Ms. Ort is a "proper candidate" for rehabilitative alimony. We review an award of alimony under an abuse of discretion standard. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). If a discretionary decision is within a range of acceptable alternatives, appellate courts will not substitute their decision for that of the trial court simply because the appellate court would have

chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App.1999). When determining whether an award of alimony is appropriate, courts must consider the statutory factors set out in Tennessee Code Annotated § 36-5- 101(d). We historically have considered the need of the spouse seeking support and the ability of the other spouse to provide such support to be the most important factors. *E.g., Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001).

The legislature has clearly stated a preference for rehabilitative alimony designed to enable an economically disadvantaged spouse to attain economic self-sufficiency. Tenn. Code Ann. § 36-5-101(d)(1)(C)(Supp. 2004)[2]; *Crabtree v. Crabtree*, 16 S.W.3d, 356, 358 (Tenn. 2000). Alternatively, transitional alimony may be awarded under Tennessee Code Annotated § 36-5-101(d)(1)(D). Transitional alimony may be "awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of a divorce, legal separation or other proceeding where spousal support may be awarded, such as a petition for an order of protection." Tenn. Code Ann. § 36-5-101(d)(1)(D)(Supp. 2004). An award of alimony *in futuro* is appropriate "where there is relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors," including those enumerated in § 36-5-101(d)(1)(E). Tenn. Code Ann. § 36-5-101(d)(1)(C)(Supp. 2004).

Dr. Ort submits that Ms. Ort's memory and cognitive function impairment resulting from the 1992 car accident prevent her from adequately caring for the parties' children. On the other hand, he argues that Ms. Ort is only forty-years of age, has a college degree and two years of medical school, and is capable of earning a nursing degree and returning to work full-time. We find Dr. Ort's position to be somewhat disingenuous at best. Upon review of the record in this case, we find no abuse of discretion in the trial court's award of alimony *in futuro* to Ms. Ort.

We finally turn to whether the trial court erred in its division of marital property. We note that Dr. Ort has failed to include in his brief a tabulation of property as required by Rule 7 of the Rules of the Court of Appeals of Tennessee. His argument, moreover, is based solely on a contention that the trial court erred by valuing the marital residence at $225,000, as valued by Ms. Ort, and not at $240,000, as proposed by Dr. Ort. Upon review of the tabulation of property included in Ms. Ort's brief to this Court and the record in this case, we find the division of property to be equitable. This issue is without merit.

### *Holding*

We affirm the judgment of the trial court in all respects. Ms. Ort requests an award of attorney's fees and costs on appeal. This Court has the discretion to award additional attorney's fees and costs incurred on appeal. *Seaton v. Seaton*, 516 S.W.2d 91, 93 (Tenn. 1974). In light of our disposition of this matter, we award Ms. Ort attorney's fees and costs incurred on appeal. Upon

---

[2]This section, as amended effective July 1, 2005, is currently codified at Tennessee Code Annotated 36-5-121(2005).

remand, the trial court shall determine the additional fees to be allowed counsel for the appellee for services in this Court. Costs of this appeal are taxed to the Appellant, Michael Edward Ort, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE