IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2018 Session

KERRY DOUGLAS FRIESEN v. BEVERLEY JOY FRIESEN[1]

Appeal from the Circuit Court for Hamilton County
No. 08D426  W. Jeffrey Hollingsworth, Judge
_____

No. E2017-00775-COA-R3-CV
_____

Ex-husband filed a petition for modification of alimony of $1,000 each month to ex-wife, claiming a material and substantial change in circumstances. Ex-wife filed a counter petition to increase the alimony. The trial court found that neither party met their burden of proof and awarded attorney's fees to the ex-wife for the expense of defending ex-husband's petition. Ex-husband subsequently filed two motions to alter or amend. The trial court denied both of these motions and awarded additional attorney's fees to ex-wife for defending the motions. Ex-husband timely appeals. We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, joined and W. NEAL MCBRAYER, J., concurred and filed separate concurring opinion.

John P. Konvalinka and Jillyn O'Shaughnessy, Chattanooga, Tennessee, for the appellant, Kerry Douglas Friesen.

Catherine M. White, Chattanooga, Tennessee, for the appellee, Beverley Joy Friesen.

OPINION

I.      BACKGROUND

In March 2008, the parties entered into a Marriage Dissolution Agreement whereby Kerry Douglas Friesen ("Ex-Husband"), an internal medicine physician, agreed to pay $1,000 each month to Beverley Joy Friesen ("Ex-Wife") as alimony *in futuro*. The court had examined

_____
[1] Oral Argument heard at the University of Tennessee College of Law.

Ex-Husband's 2009 Tax Return as proof of his earnings, and he did not contest the entry of the monthly alimony award. The parties' divorce was finalized in February 2009.

On January 29, 2016, Ex-Husband filed a Petition for Modification of his alimony obligation. He claimed a material and substantial change in circumstances and alleged that he no longer had the means to pay alimony as previously ordered. Ex-Husband related that he had Type 1 diabetes, a condition that had gone undiagnosed until approximately 2014. Ex-Husband claimed that his health condition caused significant hypoglycemic events and forced him to adjust his work life to ensure proper insulin intake and food intake, making his work day much more inefficient even though he was working more hours.

In further support of a material and substantial change in circumstances, Ex-Husband asserted that his income had declined significantly in 2015. At the time of the divorce, Ex-Husband received income from online consultation at the rate of $10,000 per month. The consultation company subsequently went under and Ex-Husband lost this source of income. He also claimed that the deposits for his business are quite misleading because more than half of the amounts are for overhead to keep his medical practice open.

Despite Ex-Husband alleging significant debt, the trial court found that the figures in his financial statements, particularly the profit and loss statement, "were refuted by other proof, particularly the bank records of [Ex-]Husband's business." In short, the trial court determined that Ex-Husband was capable of generating income sufficient to continue to pay the $1,000 per month and had not met the burden of establishing a substantial change in circumstances. Additionally, the court found that Ex-Wife did not meet her burden of proof to increase the alimony obligation. The trial court also awarded Ex-Wife her attorney's fees in the total amount of $10,238.83. Ex-Husband thereafter timely filed this appeal.

## II.  ISSUES

We restate the issues raised on appeal by Ex-Husband as follows:

A.      Whether the trial court was correct in finding a lack of substantial and material change in circumstances necessitating the modification of alimony.

B.      Whether the trial court sufficiently reviewed the factors and provisions described in Tennessee Code Annotated section 36-5-121 in determining whether Ex-Husband's alimony should be eliminated as a result of his inability to pay.

C.      Whether the trial court was correct in awarding attorney's fees to Ex-Wife because a reversal and modification of alimony downward should also eliminate the judgment against Ex-Husband for payment of Ex-Wife's attorney's fees.

Ex-Wife raises the issue that she should be awarded her attorney's fees and costs to defend this appeal.

## III.    STANDARD OF REVIEW

When the trial court has set forth its factual findings in the record, we will presume the correctness of these findings so long as the evidence does not preponderate against them. *See, e.g., Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000); *see also* Tenn. R. App. P. 13(d). Modification of a spousal support award is "factually driven and calls for a careful balancing of numerous factors." *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989). For this reason, a trial court's decision to modify support payments is given "wide latitude" within its range of discretion. *See Sannella v. Sannella*, 993 S.W.2d 73, 76 (Tenn. Ct. App. 1999). "Whether there has been a sufficient showing of a substantial and material change of circumstances is in the sound discretion of the trial court." *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999) (citations omitted). Therefore, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998); *see also Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion."). *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).

## IV.    DISCUSSION

### A.

A court may not modify a spousal support award unless it first finds that a substantial and material change in circumstances has occurred since the entry of the original support decree. *See* Tenn. Code Ann. § 36-5-121(f)(2)(A). In the typical case involving modification of spousal support awards, a change in circumstances is considered to be "material" when the change (1) "occurred since the entry of the divorce decree ordering the payment of alimony," *Watters*, 22 S.W.3d at 821, and (2) was not "anticipated or [within] the contemplation of the parties at the time they entered into the property settlement agreement," *id*.; *see also McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992); *Elliot v. Elliot*, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991). Moreover, a change in circumstances is considered to be "substantial" when it significantly affects either the obligor's ability to pay or the obligee's need for support. *See Bowman v. Bowman*, 836 S.W.2d 563, 568 (Tenn. Ct. App. 1991).

The trial court found no substantial change in Ex-Husband's circumstances necessitating the modification. "An award of alimony in future shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances." Tenn. Code Ann. § 36-5-121(f)(2)(A).

In *Osesek v. Osesek*, the court noted that a change in circumstances is substantial when it significantly effects either the obligor's ability to pay or the obligee's need. *Id.,* No. M2011-00984-COA-R3-CV, 2012 WL 729880, at *2 (Tenn. Ct. App. Mar. 6, 2012). The husband in

*Osesek* filed a petition to terminate or modify the amount of alimony *in futuro* he was obligated to pay, asserting that the post-divorce decrease in his income had occurred and the wife had secured employment after the divorce. *Id.* at *1. The court held that, although the loss of his job was not anticipated, there was no substantial change in circumstances because the husband had other assets from which he could continue to make alimony payments. *Id.* at *3.

In the case at bar, the trial court found that Ex-Husband has assets from which he might continue to make the alimony payments. Specifically, the court noted the fact that Ex-Husband is working and is capable of generating and is generating income sufficient to continue to pay the $1,000 per month. Ex-Husband did not carry his burden of proof of a substantial change in circumstances. We will not disturb the trial court's ruling on the evidence presented.

B.

Ex-Husband argued that the trial court erred by failing to analyze this case in the context of the statutory factors set forth in Tennessee Code Annotated section 36-4-121. *See Oakes v. Oakes*, 235 S.W.3d 152, 158-59 (Tenn. Ct. App. 2007). Even when an obligor is able to establish a substantial and material change in circumstances, the obligor is not necessarily entitled to an automatic reduction or termination in his alimony payments. *Bogan*, 60 S.W.3d at 730. As evidenced by its permissive language, the statute permitting modification does not impose a duty on the trial court to reduce or terminate an award merely because it finds a substantial and material change in circumstances. *Id.*; Tenn. Code Ann. § 36-4-121. When determining the appropriate amount of change to the alimony payments, the trial court should consider these statutory factors to the extent that they are relevant to the inquiry. *Bogan*, 60 S.W.3d at 730. In the case at bar, the trial court did not err by failing to discuss its findings pursuant to the statutory factors it clearly considered because it did not need to determine an appropriate change to the alimony payments. Most of the factors had been noted and considered at the original alimony *pendente lite* hearing. Ex-Husband did not establish a substantial change in circumstances to support the modification or elimination of alimony payments.

C. & D.

The decision whether or not to award attorney's fees is within the sound discretion of the trial court, and the court's decision will not be disturbed upon appeal unless that discretion has been abused. *Yount v. Yount*, 91 S.W.3d 777, 783 (Tenn. Ct. App. 2002); *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996); *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987). Tennessee Code Annotated section 36-5-103(c) allows an obligee spouse to recover attorney's fees incurred in enforcing the support decree. *Osesek*, 2012 WL 729880 at *5. In our review of the record and the issues raised in this appeal, we cannot find that the court abused its discretion in awarding Ex-Wife her attorney's fees incurred in defending the original petition and the subsequent motions to alter or amend the judgment.

Finally, Ex-Wife requests an award of her attorney's fees and expenses on appeal. Tennessee Code Annotated section 36-5-103(c) provides for awards of "reasonable attorney fees

incurred in enforcing any decree for alimony," in the discretion of the court. Pursuant to this statute, a court may award attorney's fees to an alimony recipient who is forced to defend an action to reduce or terminate that alimony. *Henderson v. Henderson*, No. M2013-01879-COA-R3-CV, 2014 WL 4725155, at \*12 (Tenn. Ct. App. Sept. 23, 2014) (citing *Evans v. Evans*, M2002-02947-COA-R3-CV, 2004 WL 1882586, at \*13-14 (Tenn. Ct. App. Aug. 23, 2004)); *see also Owens v. Owens*, No. M2012-01186-COA-R3-CV, 2013 WL 3964793, at \*6 (Tenn. Ct. App. July 30, 2013) ("Reasonable fees may be awarded pursuant to § 36-5-103(c) in actions to enforce a decree for alimony, which has been interpreted as including the situation where an alimony recipient is forced to defend an action to reduce or terminate that alimony."). The statute authorizes awards of attorney's fees incurred at trial as well as on appeal. *Henderson*, 2014 WL 4725155, at \*12.

The decision of whether to award attorney's fees incurred on appeal is a matter within the discretion of this court. *Yattoni-Prestwood v. Prestwood*, 397 S.W.3d 583, 597 (Tenn. Ct. App. 2012) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995); *Seaton v. Seaton*, 516 S.W.2d 91, 93 (Tenn. 1974)). We have previously recognized that

> Alimony is only awarded in the first instance to an economically disadvantaged spouse who has a demonstrated need for the support. Absent a showing in a modification proceeding that the need no longer exists, requiring the recipient to expend that support for legal fees incurred in defending it would defeat the purpose and public policy underlying the statute on spousal support. Additionally, the possibility of being burdened with a former spouse's attorney's fees helps deter unwarranted or unjustified attempts by an obligor to evade or reduce an existing support obligation.

*Henderson*, 2014 WL 4725155, at \*12 (quoting *Evans*, 2004 WL 1882586, at \*13). Despite these observations and Ex-Wife's success on appeal, we conclude that it is appropriate to exercise our discretion to deny Ex-Wife's request for an award of her reasonable attorney's fees and expenses for the appellate work.

## V.    CONCLUSION

We affirm the decision of the trial court and remand this cause for all further proceedings as may be necessary and consistent with this opinion. The costs of this appeal are assessed to the appellant, Kerry Douglas Friesen.

_____
JOHN W. MCCLARTY, JUDGE